IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMANDA DEL TORO, DANIEL WERNER, JENNIFER MCGREGOR-HALSTEAD, JOSHUA CHROMICK AND ALL OTHERS SIMILARLY SITUATED,<br><br>　　*Plaintiffs*,<br><br>v.<br><br>CENTENE MANAGEMENT COMPANY, LLC<br><br>　　*Defendant*. | **Civil Action No.**<br><br>**JURY TRIAL DEMANDED** |

### CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Amanda Del Toro, Daniel Werner, Jennifer McGregor-Halstead, and Joshua Chromick (collectively, "Plaintiffs") file this Class and Collective Action Complaint ("Complaint") against Centene Management Company, LLC ("Defendant"), and in support state the following:

**Nature of This Lawsuit**

1.　Defendant is a wholly owned subsidiary of Centene Corporation.

2.　Centene Corporation, through its various managed care organization subsidiaries ("Subsidiaries"), has contracted to provide managed care services to a nationwide group of over 14 million government-sponsored health plan enrollees across the country.

3. Centene Corporation primarily conducts business through its various Subsidiaries, which contract with federal and state agencies to provide managed care services for Medicaid and Medicare plans in their respective states ("MC Agreements").[1]

4. Subsidiaries contract with Defendant to provide the managed care services to government sponsored health plan enrollees required under the applicable MC Agreement.

5. Defendant "employs all staff, both at corporate headquarters and at the health plans."[2]

6. Subsidiaries have contracted with Defendant to provide managed care services in at least the following states: Arizona, Arkansas, California, Connecticut, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oregon, Pennsylvania, Tennessee, Texas, Vermont, Washington, and Wisconsin.[3]

7. Defendant employed Plaintiffs and other individuals to perform utilization review and case management functions under various "job titles" in its "Clinical & Nursing" job family that include one or more of the following terms or variations of those terms: (1) Case/Care

---

[1] *Report of the Examination of Managed Health Services Insurance Corp.*, 12/31/17, Office of the Commissioner of Insurance, State of Wisconsin (https://oci.wi.gov/Documents/Companies/FinMgdHlthServ.pdf) (last visited September 21, 2019).

[2] *Id.*, p. 11.

[3] https://www.centene.com/products-and-services/browse-by-state.html (last visited September 21, 2019).

Manager/Coordinator; (2) Service Coordinator (3) Utilization Review/Management;[4] (4) Program Specialist; and (5) Health Coach (collectively, "Care Management Employees").[5] [6]

8. Defendant paid some or all of its Care Management Employees a salary.

9. Defendant's Care Management Employees regularly worked over 40 hours per week.

10. Defendant classified some or all of its Care Management Employees as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in an individual workweek.

11. Defendant misclassified some or all of its Care Management Employees as exempt from state and federal overtime laws.

12. The utilization review and case management duties performed by Plaintiffs and other Care Management Employees consisted of non-exempt work, including collecting information to document insured individuals' medical circumstances; inputting that information into Defendant's computer system; using established guidelines to maximize utilization of plan resources through the application of predetermined criteria; coordinating care by performing ministerial tasks, including arranging appointments and referrals and obtaining necessary authorizations from individuals; supplying insured individuals with additional information and

---

[4] This includes job titles that include the abbreviation "UM" (Utilization Management) or "UR" (Utilization Review) or substitutions for "utilization review" such as "Concurrent Review" or "Prior Authorization."

[5] The practice of assigning a multitude of arbitrary job titles to individuals performing substantially the same work is a pervasive practice in the managed care industry. *See Deakin v. Magellan Health, Inc.*, 328 F.R.D. 427, 433 (D.N.M. 2018) (conditionally certifying class of managed care workers employed under job titles that included the terms "Care Coordinator" or "Care Manager" and rejecting defendant's argument that certification was inappropriate because defendant employed non-supervisory employees in thirty-six job titles containing the terms "Care Coordinator" or "Care Manager").

[6] The definition of "Care Management Employees" specifically excludes job titles that include a separate "Supervisor" or "Manager" designation (for example "Supervisor, Utilization Management" or "Manager, Case Management").

resources to allow them to educate themselves about their health plan; and other similar work ("Care Management Work").

13. Plaintiffs Del Toro and Chromick (the "FLSA Plaintiffs") bring this action on behalf of themselves and other similarly situated Care Management Employees who, due to Defendant's misclassification scheme, were not paid all earned overtime pay for time they worked in excess of 40 hours in individual workweeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

14. Plaintiffs Werner and McGregor-Halstead also bring class action claims under Articles 6 and 19 of the New York Labor Law (the "NYLL"), NYLL §§ 190, *et seq.*, 650 *et seq.*, and the supporting Minimum Wage Order for Miscellaneous Industries and Occupations, 12 N.Y.C.R.R. Part 142.

15. Plaintiffs Werner and McGregor-Halstead bring the Second Cause of Action under the NYLL on behalf of themselves and all other similarly situated Care Management Employees, pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4), for Defendant's failure to pay overtime wages.

16. Plaintiff Chromick also brings a class action claim under the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.01 *et seq.* ("OMFWSA").

17. Plaintiff Chromick brings the Third Cause of Action under the OMFWSA on behalf of himself and all other similarly situated Care Management Employees pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for failure to pay overtime wages.

**Jurisdiction and Venue**

18. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the FLSA Plaintiffs' FLSA claims arise under federal law. *See* U.S.C. § 216(b).

19. This Court has supplemental jurisdiction over Plaintiff Werner's, Plaintiff McGregor-Halstead's, and Plaintiff Chromick's state law claims under 28 U.S.C. § 1367(a) because they arise out of the same facts as the FLSA claims.

20. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant resides in this District.

**The Parties**

21. Plaintiff Del Toro worked for Defendant in Texas as a Care Management Employee from April 2016 to August 2019.

22. Plaintiff Werner worked for Defendant in New York as a Care Management Employee from March 2016 to October 2016.

23. Plaintiff McGregor-Halstead worked for Defendant in New York as a Care Management Employee from April 2016 to September 2016.

24. Plaintiff Chromick worked for Defendant in Ohio as a Care Management Employee from August 2015 to May 2018.

25. During her employment, Plaintiff Del Toro was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

26. During her employment, Defendant was Plaintiff Del Toro's "employer" as defined under the FLSA in § 203(d).

27. During his employment, Plaintiff Werner was an "employee" of Defendant as defined by NYLL §§ 190(2), 651(5) and 12 N.Y.C.R.R. 142-2.14(a).

28. During his employment, Defendant was Plaintiff Werner's "employer" as defined by NYLL §§ 190(3), 651(6).

29. During her employment, Plaintiff McGregor-Halstead was an "employee" of Defendant as defined by NYLL §§ 190(2), 651(5) and 12 N.Y.C.R.R. 142-2.14(a).

30. During her employment, Defendant was Plaintiff McGregor-Halstead's "employer" as defined by NYLL §§ 190(3), 651(6).

31. During his employment, Plaintiff Chromick was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

32. During his employment, Plaintiff Chromick was an "employee" of Defendant as defined by Ohio Rev. Code Ann. § 4111.03(D)(3).

33. During his employment, Defendant was Plaintiff Chromick's "employer" as defined under the FLSA in § 203(d).

34. During his employment, Defendant was Plaintiff Chromick's "employer" as defined by Ohio Rev. Code Ann. § 4111.03(D)(2).

35. Plaintiff Del Toro is a resident of the State of Texas.

36. Plaintiff Werner is a resident of the State of New York.

37. Plaintiff McGregor-Halstead is a resident of the State of New York.

38. Plaintiff Chromick is a resident of the State of Ohio.

39. Defendant is a Wisconsin limited liability company.

40. Defendant's principal place of business is in St. Louis, Missouri.

41. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

42. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

43. Defendant has made more than $500,000 in sales made or business done in each of the last three calendar years.

**Factual Allegations**

44. Plaintiffs worked as Care Management Employees for Defendant.

45. During her employment with Defendant, Plaintiff Del Toro primarily performed Care Management Work.

46. During his employment with Defendant, Plaintiff Werner primarily performed Care Management Work.

47. During her employment with Defendant, Plaintiff McGregor-Halstead primarily performed Care Management Work.

48. During his employment with Defendant, Plaintiff Chromick primarily performed Care Management Work.

49. During her employment, Plaintiff Del Toro's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

50. During his employment, Plaintiff Werner's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

51. During her employment, Plaintiff McGregor-Halstead's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

52. During his employment, Plaintiff Chromick's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

53. During her employment, Plaintiff Del Toro's job duties did not involve providing nursing care in a clinical setting or providing direct medical care to individuals.

54. During his employment, Plaintiff Werner's job duties did not involve providing nursing care in a clinical setting or providing direct medical care to individuals.

55. During her employment, Plaintiff McGregor-Halstead's job duties did not involve providing nursing care in a clinical setting or providing direct medical care to individuals.

56. During his employment, Plaintiff Chromick's job duties did not involve providing nursing care in a clinical setting or providing direct medical care to individuals.

57. Defendant suffered or permitted Plaintiff Del Toro to work over 40 hours in one or more individual workweeks in the last three (3) years.

58. Defendant suffered or permitted Plaintiff Werner to work over 40 hours in one or more individual workweeks in the last six (6) years.

59. Defendant suffered or permitted Plaintiff McGregor-Halstead to work over 40 hours in one or more individual workweeks in the last (6) years.

60. Defendant suffered or permitted Plaintiff Chromick to work over 40 hours in one or more individual workweeks in the last three (3) years.

61. Defendant classified Plaintiff Del Toro as exempt from the overtime provisions of the FLSA.

62. Defendant classified Plaintiff Werner as exempt from the overtime provisions of the NYLL.

63. Defendant classified Plaintiff McGregor-Halstead as exempt from the overtime provisions of the NYLL.

64. Defendant classified Plaintiff Chromick as exempt from the overtime provisions of the FLSA and OMFWSA.

65. Because Plaintiffs performed non-exempt work, Defendant should have classified them as non-exempt.

66. When Plaintiff Del Toro worked over 40 hours in individual workweeks, Defendant did not pay her overtime at one-and-one-half times her regular rate of pay.

67. When Plaintiff Werner worked over 40 hours in individual workweeks, Defendant did not pay him overtime at one-and-one-half times his regular rate of pay.

68. When Plaintiff McGregor-Halstead worked over 40 hours in individual workweeks, Defendant did not pay her overtime at one-and-one-half times her regular rate of pay.

69. When Plaintiff Chromick worked over 40 hours in individual workweeks, Defendant did not pay him overtime at one-and-one-half times his regular rate of pay.

70. Defendant paid Plaintiff Del Toro a salary.

71. Defendant paid Plaintiff Werner a salary.

72. Defendant paid Plaintiff McGregor-Halstead a salary.

73. Defendant paid Plaintiff Chromick a salary.

**Collective Action Allegations**

74. The FLSA Plaintiffs bring their FLSA claims as a collective action.

75. The FLSA Plaintiffs consent forms to participate in this collective action are attached to this Complaint as Exhibits A and B.

76. The collective action is defined as follows:

All individuals employed by Defendant as Care Management Employees in the last three years who were paid a salary and were classified as exempt from overtime ("Collective Action Members"). This definition specifically excludes all individuals who have filed consents to join any of the following cases: *Rotthoff v. New York State Catholic Health Plan, Inc. et al.*, Case No. 1:19-cv-4027-AMD-CLP (E.D.N.Y.); *Gudger v. Centene Mgmt. Co., LLC et al.*, Case No. 2:17-cv-14281 (S.D. Fla.); or *Linnear v. Illinicare Health Plan, Inc.*, 1:17-cv-7132 (N.D. Ill.).

77. The FLSA Plaintiffs are similarly situated to the potential Collective Action Members because they were paid the same and performed the same primary job duties.

78. In the last three years, Defendant has employed individuals who performed the same primary duties as the FLSA Plaintiffs.

79. Of Defendant's employees who performed the same primary job duties as the FLSA Plaintiffs in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

80. Of employees classified as exempt and who performed the same primary duties as the FLSA Plaintiffs in the last three years, some or all worked over 40 hours in individual workweeks.

81. Defendant maintained one or more common job descriptions for Care Management Employees.

82. Defendant has the names and addresses for potential Collective Action Members in their payroll or personnel records.

83. Defendant has email addresses for potential Collective Action Members in their payroll or personnel records.

84. Defendant has phone numbers for potential Collective Action Members in their payroll or personnel records.

85. Defendant is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime.

**New York Class Action Allegations**

86. Plaintiffs Werner and McGregor-Halstead also seek class certification of the following state law sub-class under Fed. R. Civ. P. 23:

> All individuals employed by Defendant in New York as Care Management Employees in the past six years who were paid a salary and were classified as exempt from overtime (the "New York Class").  This definition specifically excludes the putative members of the class sought in *Rotthoff v. New York State Catholic Health Plan, Inc. et al.*

87. The New York Class has more than 40 members.

88. As a result, the New York Class is so numerous that joinder of all members is not practical.

89. There are questions of law or fact common to the New York Class, including (1) whether the New York Class primarily performed non-exempt work; (2) whether Defendant violated the NYLL by refusing to pay the New York Class overtime pay; and (3) the proper measure of damages if Defendant misclassified the New York Class as exempt from the overtime provisions of the NYLL.

90. Plaintiffs Werner's and McGregor-Halstead's overtime claims are typical of those of the New York Class because they arise out of Defendant's uniform compensation practices.

91. Defendant's defenses to Plaintiffs Werner's and McGregor-Halstead's NYLL claims are typical of its defenses to those of the New York Class because they are grounded in the same compensation practices.

92. Plaintiffs Werner and McGregor-Halstead can fairly and adequately protect the interests of the New York Class because they are asserting the same claims as the New York Class.

93. Plaintiffs Werner and McGregor-Halstead can fairly and adequately protect the interests of the New York Class because they have no interests adverse to the New York Class.

94. Plaintiffs Werner and McGregor-Halstead can fairly and adequately protect the interests of the New York Class because they have retained counsel experienced in class action employment litigation.

95. The common questions of law and fact predominate over the variations which may exist between members of the New York Class, if any.

96. Plaintiffs Werner and McGregor-Halstead and the members of the New York Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

97. If individual actions were required to be brought by each member of the New York Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as the Defendant.

98. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the New York Class is entitled.

99. The books and records of Defendant are material to the New York Class's claims because they disclose the hours worked by each member of the New York Class and the rate of pay for that work.

**Ohio Class Action Allegations**

100. Plaintiff Chromick also seeks class certification of the following state law sub-class under Fed. R. Civ. P. 23:

> All individuals employed by Defendant in Ohio as Care Management Employees in the past three years who were paid a salary and were classified as exempt from overtime (the "Ohio Class").

101. The Ohio Class has more than 40 members.

102. As a result, the Ohio Class is so numerous that joinder of all members is not practical.

103. There are questions of law or fact common to the Ohio Class, including whether the Ohio Class primarily performed non-exempt work and the proper measure of damages if Defendant misclassified the Ohio Class as exempt from the overtime provisions of the OMFWSA.

104. Plaintiff Chromick's overtime claims are typical of those of the Ohio Class because they arise out of Defendant's uniform compensation practices.

105. Defendant's defenses to Plaintiff Chromick's OMFWSA claims are typical of its defenses to those of the Ohio Class because they are grounded in the same compensation practices.

106. Plaintiff Chromick can fairly and adequately protect the interests of the Ohio Class because he is asserting the same claims as the Ohio Class.

107. Plaintiff Chromick can fairly and adequately protect the interests of the Ohio Class because he has no interests adverse to the Ohio Class.

108. Plaintiff Chromick can fairly and adequately protect the interests of the Ohio Class because he has retained counsel experienced in class action employment litigation.

109. The common questions of law and fact predominate over the variations which may exist between members of the Ohio Class, if any.

110. Plaintiff Chromick and the members of the Ohio Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

111. If individual actions were required to be brought by each member of the Ohio Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as the Defendant.

112. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Ohio Class is entitled.

113. The books and records of Defendant are material to the Ohio Class's claims because they disclose the hours worked by each member of the Ohio Class and the rate of pay for that work.

## COUNT I
### FLSA – Failure to Pay Overtime
### (Collective Action)

114. Plaintiffs incorporate here the previous allegations of this Complaint.

115. Defendant violated the FLSA by failing to pay overtime to the FLSA Plaintiffs and the Collective Action Members when they worked over 40 hours in individual workweeks.

116. Plaintiff Del Toro was not exempt from the overtime provisions of the FLSA.

117. Plaintiff Chromick was not exempt from the overtime provisions of the FLSA.

118. Collective Action Members were not exempt from the overtime provisions of the FLSA.

119. Plaintiff Del Toro was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

120. Plaintiff Chromick was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

121. Other Collective Action Members were directed to work, and did work, over 40 hours in one or more individual workweeks.

122. Defendant paid Plaintiff Del Toro a salary and no overtime compensation.

123. Defendant paid Plaintiff Chromick a salary and no overtime compensation.

124. Defendant paid other Collective Action Members a salary and no overtime compensation.

125. Defendant violated the FLSA by failing to pay overtime to Plaintiff Del Toro at one-and-one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

126. Defendant violated the FLSA by failing to pay overtime to Plaintiff Chromick at one-and-one-half times his regular rate of pay when he worked over 40 hours in one or more individual workweeks.

127. Defendant violated the FLSA by failing to pay overtime to other Collective Action Members at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

128. Defendant's violations of the FLSA were willful.

129. As a result, Defendant is indebted to the FLSA Plaintiffs and the Collective Action Members in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

### COUNT II
### NYLL – Failure to Pay Overtime
### (Class Action)

130. Plaintiffs incorporate here the previous allegations of this Complaint.

131. Defendant violated the NYLL by failing to pay overtime to Plaintiffs Werner and McGregor-Halstead and the New York Class when they worked over 40 hours in individual workweeks.

132. Defendant classified Plaintiff Werner as exempt from the overtime provisions of the NYLL.

133. Defendant classified Plaintiff McGregor-Halstead as exempt from the overtime provisions of the NYLL.

134. Defendant classified the New York Class as exempt from the overtime provisions of the NYLL.

135. Plaintiff Werner was not exempt from the overtime provisions of the NYLL.

136. Plaintiff McGregor-Halstead was not exempt from the overtime provisions of the NYLL.

137. The New York Class was not exempt from the overtime provisions of the NYLL.

138. Defendant lacked a good faith basis, within the meaning of NYLL § 663, to believe their failure to pay Plaintiffs Werner and McGregor-Halstead and the Class overtime wages complied with the NYLL.

139. Plaintiff McGregor-Halstead was regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

140. Defendant violated the NYLL by failing to pay Plaintiffs Werner and McGregor-Halstead and the New York Class overtime at one-and-one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

141. As a result, Defendant is indebted to Plaintiffs Werner and McGregor-Halstead and the New York Class in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## COUNT III
### OMFWSA – Failure to Pay Overtime
**(Class Action)**

142. Plaintiffs incorporate here the previous allegations of this Complaint.

143. The OMFWSA requires employers to pay overtime compensation to all non-exempt employees at a rate of one-and-one-half times their regular rate of pay for all hours worked over forty (40) hours per workweek.

144. Defendant routinely suffered and permitted Plaintiff Chromick and the Ohio Class to work more than forty (40) hours per week without overtime compensation.

145. Defendant's actions, policies, and practices as described above violate the OMFWSA by failing to properly compensate Plaintiff Chromick and the Ohio Class for their overtime hours worked.

146. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff Chromick and the Ohio Class have suffered and will continue to suffer a loss of income and other damages.

147. Plaintiff Chromick and the Ohio Class seek to recover attorneys' fees, costs, liquidated damages, and expenses of this action, to be paid by Defendant, as provided by Ohio Rev. Code Ann. § 4111.10, § 2305.11, and other applicable state laws.

148. Plaintiff Chromick and the Ohio Class seek damages in the amount of their underpayments based on Defendant's failure to pay lawful wages due, as provided by Ohio Rev. Code Ann. § 4111.03, and such other legal and equitable relief from Defendant's unlawful conduct as the Court deems proper.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the New York Class and the Ohio Class, seek the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice to the Collective Action Members, or that the Court issue such notice. Such notice shall inform the Collective Action Members that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime wages, pursuant to the FLSA, NYLL, and the OMFWSA;

C. Liquidated damages equal to 100% of the unpaid overtime wages, pursuant to the FLSA and NYLL;

D. Certification of this case as a class action pursuant to Rule 23 on behalf of the New York Class;

E. Certification of this case as a class action pursuant to Rule 23 on behalf of the Ohio Class;

F. Designation of Plaintiffs Werner and McGregor-Halstead as representatives of the New York Class, and counsel of record as Class Counsel for the New York Class;

G. Designation of Plaintiff Chromick as the representative of the Ohio Class, and counsel of record as Class Counsel for the Ohio Class;

H. Pre-judgment and post-judgment interest as provided by law;

I.      Appropriate equitable, declaratory, and injunctive relief to remedy violations, including, but not necessarily limited to, an order enjoining Defendant from continuing its unlawful practices;

J.      Attorneys' fees and costs of the action;

K.      Reasonable incentive awards for Plaintiffs to compensate them for the time they spent attempting to recover wages for the Collective Action Members, the New York Class, and the Ohio Class and for the risks they took in doing so; and

L.      Such other and further relief this Court shall deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury of all issues triable by jury.

Respectfully submitted,

**Riggan Law Firm LLC**

  /s/  Russell C. Riggan_____
Russell C. Riggan #53060
Samuel W. Moore #58526
130 West Monroe Avenue
Kirkwood, MO 63122
314-835-9100
314-735-1054 fax
russ@rigganlawfirm.com
smoore@rigganlawfirm.com


Douglas M. Werman*
Maureen A. Salas*
**WERMAN SALAS P.C.**
77 West Washington, Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008
dwerman@flsalaw.com
msalas@flsalaw.com

Travis M. Hedgpeth*
**THE HEDGPETH LAW FIRM, PC**
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
Facsimile: (281) 572-0728
travis@hedgpethlaw.com

Jack Siegel*
**SIEGEL LAW GROUP PLLC**
2820 McKinnon, Suite 5009
Dallas, Texas 75201
Telephone: (214) 790-4454
jack@siegellawgroup.biz

*\*Application for admission pro hac vice forthcoming*

**Attorneys for Plaintiffs and
Others Similarly Situated**