**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **AMANDA DEL TORO, DANIEL WERNER, JENNIFER MCGREGOR-HALSTEAD, JOSHUA CHROMICK, AND ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiffs,<br><br>vs.<br><br>**CENTENE MANAGEMENT COMPANY, LLC,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     **Case No. 4:19-cv-02635-JAR** |

## DEFENDANT'S ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFFS' FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Defendant Centene Management Company, LLC ("Defendant"), by and through its attorneys, hereby submits its answer and affirmative defenses to Plaintiffs Amanda Del Toro, Daniel Werner, Jennifer McGregor-Halstead, and Joshua Chromick's (collectively "Plaintiffs") First Amended Class and Collective Action Complaint ("Complaint") as follows:

**Nature of this Lawsuit**

1.      Answering Paragraph 1, Defendant admits that it is a wholly owned subsidiary of Centene Corporation.

2.      Defendant denies the allegations in Paragraph 2.

3.      Answering Paragraph 2, Defendant admits that certain subsidiaries of Centene Corporation contract with federal and/or state agencies to provide managed care services for

Medicare and/or Medicaid health plans in their respective states.   Except as specifically admitted, the remaining allegations in Paragraph 3 are denied.

4.      Defendant denies the allegations contained in Paragraph 4.

5.      Defendant denies the allegations in Paragraph 5.

6.      Defendant denies the allegations contained in Paragraph 6.

7.      Answering Paragraph 7, Defendant admits only that it has employed certain individuals in some of the referenced job titles, including Care Manager, Care Coordinator, Utilization Manager, and Program Specialist.  Defendant denies any claim or implication that employees in these job titles performed similar functions as compared to each other or Plaintiffs. Except as specifically admitted, the remaining allegations in Paragraph 7 are denied.

8.      Answering Paragraph 8, Defendant admits only that it has paid a salary to some employees.  Defendant denies any claim or implication that salaried employees performed similar duties.  Except as specifically admitted, the remaining allegations in Paragraph 8 are denied.

9.      Defendant denies the allegations contained in Paragraph 9.

10.      Answering Paragraph 10, Defendant admits only that it has classified some employees as exempt from state and federal overtime laws, and denies that such employees were entitled to payment of overtime compensation. Except as specifically admitted, the remaining allegations in Paragraph 10 are denied.

11.      Defendant denies the allegations contained in Paragraph 11.

12.      Defendant denies the allegations contained in Paragraph 12.

13.      Answering Paragraph 13, Defendant admits that Plaintiffs Del Toro and Chromick seek to represent other individuals as a collective under the FLSA, but Defendant denies that other individuals are similarly situated to Plaintiffs Del Toro and Chromick, denies any claim or

implication by Plaintiffs Del Toro and Chromick that this action is appropriate to be certified or maintained as a class or collective action and, except as expressly admitted, denies all remaining allegations in Paragraph 13.

14.     Answering Paragraph 14, Defendant admits that Plaintiffs Werner and McGregor-Halstead seek to represent other individuals as a class under the NYLL, but Defendant denies that other individuals are similarly situated to Plaintiffs Werner and McGregor-Halstead, denies any claim or implication by Plaintiffs Werner and McGregor-Halstead that this action is appropriate to be certified or maintained as a class or collective action and, except as expressly admitted, denies all remaining allegations in Paragraph 14.

15.     Answering Paragraph 15, Defendant admits that Plaintiffs Werner and McGregor-Halstead seek to represent other individuals as a class under the NYLL, but Defendant denies that other individuals are similarly situated to Plaintiffs Werner and McGregor-Halstead, denies any claim or implication by Plaintiffs Werner and McGregor-Halstead that this action is appropriate to be certified or maintained as a class or collective action and, except as expressly admitted, denies all remaining allegations in Paragraph 15.

16.     Answering Paragraph 16, Defendant admits that Plaintiff Chromick seeks to represent other individuals as a class under the OMFWSA, but Defendant denies that other individuals are similarly situated to Plaintiff Chromick, denies any claim or implication by Plaintiff Chromick that this action is appropriate to be certified or maintained as a class or collective action and, except as expressly admitted, denies all remaining allegations in Paragraph 16.

17.     Answering Paragraph 17, Defendant admits that Plaintiff Chromick seeks to represent other individuals as a class under the OMFWSA, but Defendant denies that other individuals are similarly situated to Plaintiff Chromick, denies any claim or implication by Plaintiff

Chromick that this action is appropriate to be certified or maintained as a class or collective action and, except as expressly admitted, denies all remaining allegations in Paragraph 17.

**Jurisdiction and Venue**

18.     Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Defendant does not dispute the jurisdiction of this Court, but denies that it engaged in any conduct that would subject it to liability or which would entitle Plaintiffs or any other individual to damages. Defendant further denies that this action may be appropriately maintained as a class or collective action and that there are others similarly situated to Plaintiffs.

19.     Paragraph 19 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant does not dispute that the Court has the right to exercise supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367, but denies that the Court should exercise its supplemental jurisdiction. Except as specifically admitted, the remaining allegations in Paragraph 19 are denied.

20.     Paragraph 20 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant does not dispute that venue in this Court is proper, but denies that it engaged in any conduct that would subject it to liability. Except as specifically admitted, the remaining allegations in Paragraph 20 are denied.

**The Parties**

21.     Defendant denies the allegations contained in Paragraph 21.

22.     Defendant denies the allegations contained in Paragraph 22.

23.     Defendant denies the allegations contained in Paragraph 23.

24.     Defendant denies the allegations contained in Paragraph 24.

25.     The allegations in Paragraph 25 state legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 25.

26.     The allegations in Paragraph 26 state legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 26.

27.     The allegations in Paragraph 27 state legal conclusions, to which no response is required.  To the extent a response is required, Defendant admits that it employed Plaintiff Werner for a period of time.  Except as specifically admitted, the remaining allegations in Paragraph 27 are denied.

28.     The allegations in Paragraph 28 state legal conclusions, to which no response is required.  To the extent a response is required, Defendant admits that it employed Plaintiff Werner for a period of time.  Except as specifically admitted, the remaining allegations in Paragraph 28 are denied.

29.     The allegations in Paragraph 29 state legal conclusions, to which no response is required.  To the extent a response is required, Defendant admits that it employed Plaintiff McGregor-Halstead for a period of time.  Except as specifically admitted, the remaining allegations in Paragraph 29 are denied.

30.     The allegations in Paragraph 30 state legal conclusions, to which no response is required.  To the extent a response is required, Defendant admits that it employed Plaintiff McGregor-Halstead for a period of time.  Except as specifically admitted, the remaining allegations in Paragraph 30 are denied.

31.     The allegations in Paragraph 31 state legal conclusions, to which no response is required.   To the extent a response is required, Defendant admits that it employed Plaintiff Chromick for a period of time.   Except as specifically admitted, the remaining allegations in Paragraph 31 are denied.

32.     The allegations in Paragraph 32 state legal conclusions, to which no response is required.   To the extent a response is required, Defendant admits that it employed Plaintiff Chromick for a period of time.   Except as specifically admitted, the remaining allegations in Paragraph 32 are denied.

33.     The allegations in Paragraph 33 state legal conclusions, to which no response is required.   To the extent a response is required, Defendant admits that it employed Plaintiff Chromick for a period of time.   Except as specifically admitted, the remaining allegations in Paragraph 33 are denied.

34.     The allegations in Paragraph 34 state legal conclusions, to which no response is required.    To the extent a response is required, Defendant admits that it employed Plaintiff Chromick for a period of time.   Except as specifically admitted, the remaining allegations in Paragraph 34 are denied.

35.     Defendant lacks knowledge or information sufficient to admit or deny the allegation pertaining to Plaintiff Del Toro's residence and therefore denies the allegations in Paragraph 35.

36.     Defendant lacks knowledge or information sufficient to admit or deny the allegation pertaining to Plaintiff Werner's residence and therefore denies the allegations in Paragraph 36.

37.     Defendant lacks knowledge or information sufficient to admit or deny the allegation pertaining to Plaintiff McGregor-Halstead's residence and therefore denies the allegations in Paragraph 37.

38.     Defendant lacks knowledge or information sufficient to admit or deny the allegation pertaining to Plaintiff Chromick's residence and therefore denies the allegations in Paragraph 38.

39.     Answering Paragraph 39, Defendant admits that it is a Wisconsin limited liability company.

40.     Answering Paragraph 40, Defendant admits that its principal place of business is in St. Louis, Missouri.

41.     Paragraph 41 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only, as a general matter, that it has been an enterprise within the meaning of the FLSA during the relevant time period. Except as specifically admitted, the remaining allegations in Paragraph 41 are denied.

42.     Paragraph 42 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits only, as a general matter, that it has been an enterprise engaged in commerce within the meaning of the FLSA during the relevant time period. Except as specifically admitted, the remaining allegations in Paragraph 42 are denied.

43.     Answering Paragraph 43, Defendant admits it has had an annual gross volume of sales made or business done exceeding $500,000.00 during each year during the last three calendar years. Except as specifically admitted, the remaining allegations in Paragraph 43 are denied.

**Factual Allegations**

44.     Defendant denies the allegations contained in Paragraph 44.

45.     Defendant denies the allegations contained in Paragraph 45.

46.     Defendant denies the allegations contained in Paragraph 46.

47.     Defendant denies the allegations contained in Paragraph 47.

48.     Defendant denies the allegations contained in Paragraph 48.

49.     Defendant denies the allegations contained in Paragraph 49.

50.     Defendant denies the allegations contained in Paragraph 50.

51.     Defendant denies the allegations contained in Paragraph 51.

52.     Defendant denies the allegations contained in Paragraph 52.

53.     Defendant lacks knowledge or information sufficient to admit or deny the allegations because of the vague and ambiguous terminology "clinical setting" and "direct medical care," and therefore denies the allegations in Paragraph 53.

54.     Defendant lacks knowledge or information sufficient to admit or deny the allegations because of the vague and ambiguous terminology "clinical setting" and "direct medical care," and therefore denies the allegations in Paragraph 54.

55.     Defendant lacks knowledge or information sufficient to admit or deny the allegations because of the vague and ambiguous terminology "clinical setting" and "direct medical care," and therefore denies the allegations in Paragraph 55.

56.     Defendant lacks knowledge or information sufficient to admit or deny the allegations because of the vague and ambiguous terminology "clinical setting" and "direct medical care," and therefore denies the allegations in Paragraph 56.

57.     Defendant lacks knowledge or information sufficient to admit or deny the allegations and therefore denies the allegations in Paragraph 57.

58.     Defendant lacks knowledge or information sufficient to admit or deny the allegations and therefore denies the allegations in Paragraph 58.

59.     Defendant lacks knowledge or information sufficient to admit or deny the allegations and therefore denies the allegations in Paragraph 59.

60.     Defendant lacks knowledge or information sufficient to admit or deny the allegations and therefore denies the allegations in Paragraph 60.

61.     Defendant denies the allegations contained in Paragraph 61.

62.     Defendant admits that it classified Plaintiff Werner as exempt from the overtime provisions of the NYLL.

63.     Defendant admits that it classified Plaintiff McGregor-Halstead as exempt from the overtime provisions of the NYLL.

64.     Defendant admits that it classified Plaintiff Chromick as exempt from the overtime provisions of the FLSA and OMFWSA.

65.     Defendant denies the allegations contained in Paragraph 65.

66.     Defendant lacks knowledge or information sufficient to admit or deny the allegations and therefore denies the allegations in Paragraph 58.

67.     Answering Paragraph 67, Defendant admits that it classified Plaintiff Werner as exempt from overtime and therefore did not pay him overtime, but denies that Plaintiff Werner was entitled to payment of overtime compensation. Except as specifically admitted, the remaining allegations in Paragraph 67 are denied.

68.     Answering Paragraph 68, Defendant admits that it classified Plaintiff McGregor-Halstead as exempt and therefore did not pay her overtime, but denies that Plaintiff McGregor-Halstead was entitled to payment of overtime compensation. Except as specifically admitted, the remaining allegations in Paragraph 68 are denied.

69.     Answering Paragraph 69, Defendant admits that it classified Plaintiff Chromick as exempt from overtime and therefore did not pay him overtime, but denies that Plaintiff Chromick

was entitled to payment of overtime compensation. Except as specifically admitted, the remaining allegations in Paragraph 69 are denied.

70.     Defendant denies the allegations contained in Paragraph 70.

71.     Defendant admits that it paid Plaintiff Werner a salary.

72.     Defendant admits that it paid Plaintiff McGregor-Halstead a salary.

73.     Defendant admits that it paid Plaintiff Chromick a salary.

**Collective Action Allegations**

74.     Answering Paragraph 74, Defendant admits that Plaintiffs purport to bring an action on an individual and collective basis under the FLSA, Defendant denies liability under the FLSA, denies that other individuals are similarly situated to Plaintiffs, denies any claim or implication by Plaintiffs that this action is appropriate to be certified or maintained as a class or collective action, denies that Plaintiffs or any other alleged similarly-situated individuals they seek to represent are entitled to any overtime, other compensation, or any other relief.  Except as expressly admitted, Defendant denies all remaining allegations in Paragraph 74.

75.     Defendant denies the allegations contained in Paragraph 75.

76.     Answering Paragraph 76, Defendant admits only that Plaintiffs purport to bring this action pursuant to the FLSA, individually and on behalf of similarly situated individuals. Defendant denies the remaining allegations contained in Paragraph 76 and further denies that this action may be appropriately maintained as a class or collective action or that there are others similarly situated to Plaintiffs.

77.     Defendant denies the allegations contained in Paragraph 77.

78.     Defendant denies the allegations contained in Paragraph 78.

79.     Defendant denies the allegations contained in Paragraph 79.

80.     Defendant denies the allegations contained in Paragraph 80.

81.     Answering Paragraph 81, Defendant admits only that it maintains job descriptions for various positions.  Except as specifically admitted, the remaining allegations in Paragraph 81 are denied.

82.     There presently are no "Collective Action Members," so Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 regarding their names and addresses, and therefore denies the allegations in Paragraph 82.

83.     There presently are no "Collective Action Members," so Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 regarding their email addresses, and therefore denies the allegations in Paragraph 83.

84.     There presently are no "Collective Action Members," so Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 regarding their phone numbers, and therefore denies the allegations in Paragraph 84.

85.     Defendant denies the allegations contained in Paragraph 85.

**New York Class Action Allegations**

86.     Answering Paragraph 86, Defendant admits only that Plaintiffs purport to bring this action pursuant to Fed. R. Civ. P. 23 on behalf of certain individuals who worked for Defendant in New York, and that Plaintiffs purport to define a proposed class. Defendant denies the remaining allegations contained in Paragraph 86 and further denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

87.     There presently are no "New York Class" members, so Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 regarding

the number in the putative class, and therefore denies the allegations in Paragraph 87. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

88.     Defendant denies the allegations contained in Paragraph 88. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

89.     Defendant denies the allegations contained in Paragraph 89. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

90.     Defendant denies the allegations contained in Paragraph 90. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

91.     Defendant denies the allegations contained in Paragraph 91. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

92.     Defendant denies the allegations contained in Paragraph 92. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there

are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

93.     Defendant denies the allegations contained in Paragraph 93. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

94.     Defendant lacks knowledge or information sufficient to form a belief regarding the experience of Plaintiffs' counsel. Defendant denies the remaining allegations contained in Paragraph 94. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

95.     Defendant denies the allegations contained in Paragraph 95. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

96.     Defendant denies the allegations contained in Paragraph 96. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

97.     Defendant denies the allegations contained in Paragraph 97. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

98.     Defendant denies the allegations contained in Paragraph 98. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

99.     There presently are no "New York Class" members, so Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and therefore denies the allegations in Paragraph 99.

**Ohio Class Action Allegations**

100.    Answering Paragraph 100, Defendant admits only that Plaintiffs purport to bring this action pursuant to Fed. R. Civ. P. 23 on behalf of certain individuals who worked for Defendant in Ohio, and that Plaintiffs purport to define a proposed class. Defendant denies the remaining allegations contained in Paragraph 100 and further denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

101.    There presently are no "Ohio Class" members, so Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 regarding the number in the putative class, and therefore denies the allegations in Paragraph 101. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

102.    Defendant denies the allegations contained in Paragraph 102. Defendant specifically denies that this action may be appropriately maintained as a class or collective action,

that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

103.    Defendant denies the allegations contained in Paragraph 103. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

104.    Defendant denies the allegations contained in Paragraph 104. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

105.    Defendant denies the allegations contained in Paragraph 105. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

106.    Defendant denies the allegations contained in Paragraph 106. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

107.    Defendant denies the allegations contained in Paragraph 107. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

108.     Defendant lacks knowledge or information sufficient to form a belief regarding the experience of Plaintiffs' counsel. Defendant denies the remaining allegations contained in Paragraph 108. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

109.     Defendant denies the allegations contained in Paragraph 109. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

110.     Defendant denies the allegations contained in Paragraph 110. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

111.     Defendant denies the allegations contained in Paragraph 111. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

112.     Defendant denies the allegations contained in Paragraph 112. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

113.     There presently are no "Ohio Class" members, so Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and therefore denies the allegations in Paragraph 113.

**COUNT I**
**FLSA – Failure to Pay Overtime**
**(Collective Action)**

114.     Defendant re-alleges and incorporates by reference each and every response, answer, and averment in the preceding paragraphs, as if fully set forth herein.

115.     Defendant denies the allegations contained in Paragraph 115.

116.     Defendant denies the allegations contained in Paragraph 116.

117.     Defendant denies the allegations contained in Paragraph 117.

118.     Defendant denies the allegations contained in Paragraph 118.

119.     Defendant denies the allegations contained in Paragraph 119.

120.     Defendant denies the allegations contained in Paragraph 120.

121.     Defendant denies the allegations contained in Paragraph 121.

122.     Defendant denies the allegations contained in Paragraph 122.

123.     Answering Paragraph 123, Defendant admits that it classified Plaintiff Chromick as exempt from overtime and paid him a salary with no overtime compensation, but denies that Plaintiff Chromick was entitled to payment of overtime compensation.

124.     There presently are no "Collective Action Members," so Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 regarding compensation structure, and therefore denies the allegations in Paragraph 124. Defendant specifically denies that this action may be appropriately maintained as a class or

collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

125.    Defendant denies the allegations contained in Paragraph 125.

126.    Defendant denies the allegations contained in Paragraph 126.

127.    Defendant denies the allegations contained in Paragraph 127.

128.    Defendant denies the allegations contained in Paragraph 128.

129.    Defendant denies the allegations contained in Paragraph 129.

**COUNT II**
**NYLL – Failure to Pay Overtime**
**(Class Action)**

130.    Defendant re-alleges and incorporates by reference each and every response, answer, and averment in the preceding paragraphs, as if fully set forth herein.

131.    Defendant denies the allegations contained in Paragraph 131.

132.    Defendant admits that it classified Plaintiff Werner as exempt from the overtime provisions of the NYLL.

133.    Defendant admits that it classified Plaintiff McGregor-Halstead as exempt from the overtime provisions of the NYLL.

134.    There presently are no "New York Class" members, so Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 regarding their classification, and therefore denies the allegations in Paragraph 134. Defendant specifically denies that this action may be appropriately maintained as a class or collective action, that there are others similarly situated to Plaintiffs, or that Plaintiffs could satisfy the requirements of Rule 23.

135.    Defendant denies the allegations contained in Paragraph 135.

136.    Defendant denies the allegations contained in Paragraph 136.

137.    Defendant denies the allegations contained in Paragraph 137.

138.    Defendant denies the allegations contained in Paragraph 138.

139.    Defendant denies the allegations contained in Paragraph 139.

140.    Defendant denies the allegations contained in Paragraph 140.

141.    Defendant denies the allegations contained in Paragraph 141.

**COUNT III**
**OMFWSA – Failure to Pay Overtime**
**(Class Action)**

142.    Defendant re-alleges and incorporates by reference each and every response, answer, and averment in the preceding paragraphs, as if fully set forth herein.

143.    The allegations in Paragraph 143 state legal conclusions, to which no response is required. To the extent a response is required, Defendant states that the provisions of the OMFWSA speak for themselves. To the extent Paragraph 143 is intended to assert any factual allegations, Defendant denies each and every allegation therein.

144.    Defendant denies the allegations contained in Paragraph 144.

145.    Defendant denies the allegations contained in Paragraph 145.

146.    Defendant denies the allegations contained in Paragraph 146.

147.    The allegations in Paragraph 147 contain statements of legal intent, to which no response is required.  To the extent a response is required, Defendant denies Plaintiffs are entitled to the requested relief or any relief and, except as expressly admitted, denies all remaining allegations.

148.    The allegations in Paragraph 148 contain legal statements of intent, to which no response is required. To the extent a response is required, Defendant denies Plaintiffs are entitled

19

to the requested relief or any relief and, except as expressly admitted, denies all remaining allegations.

## PLAINTIFFS' PRAYER FOR RELIEF

Responding to the unnumbered "WHEREFORE" clause and each of its subparts (A) through (L) that follow Paragraph 148 of Plaintiffs' Complaint, Defendant denies that Plaintiffs are entitled to any of the relief they seek, or in the manner they seek it, and otherwise denies the allegations in Plaintiffs' WHEREFORE Paragraph.

## PLAINTIFFS' DEMAND FOR JURY TRIAL

Responding to the Complaint's DEMAND FOR JURY TRIAL, Defendant states that this Paragraph contains no allegations to which Defendant must respond. To the extent a response is required, Defendant admits that Plaintiffs request a jury trial.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant asserts the following separately numbered defenses and affirmative defenses without assuming any burden of proof that it does not have as a matter of law. To the extent that any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pled in the alternative. Subject to and without waiving the foregoing, and without waiving Plaintiffs' burden to show otherwise, Defendant pleads as follows:

1.      The Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiffs' claims, and/or the claims of any member of any putative class or collective action, are barred, in whole or in part, to the extent they have failed to institute this action within the time period required under the applicable statutes of limitations.

3.      Plaintiff Del Toro's claims are barred because Defendant did not employ Plaintiff

Del Toro at any time.

4.      To the extent Plaintiffs or other individuals they purport to represent are deemed "employees" under the FLSA, New York Labor Law, or Ohio Minimum Fair Wage Standards Act, at all relevant times, they were exempt from the laws' minimum wage and overtime requirements. Specifically, Plaintiffs' claims, and/or the claims of any member of any putative class or collective action, are barred, in whole or in part, by applicable statutory exemptions and exclusions under the FLSA and under the New York Labor Law or Ohio Minimum Fair Wage Standards Act, including without limitation the exemptions provided in 29 U.S.C. § 213(a)(1), 29 C.F.R. § 541.200 *et seq.*, 29 C.F.R. § 541.300 *et seq.*, 29 C.F.R. § 541.708, 12 N.Y.C.R.R. § 141-3.2(c)(1), and OH ST § 4111.03 for persons employed in a bona fide executive, administrative, and/or professional capacity.

5.      Plaintiffs' claims are not entitled to collective action certification pursuant to 29 U.S.C. § 216(b) because Plaintiffs are not similarly situated to the putative class and/or collective action members whom they purport to represent and cannot identify a group of similarly situated employees or former employees of Defendant.

6.      Liability, if any, to each member of any alleged class or collective group which Plaintiffs purport to represent cannot be determined by a single jury on a class or group-wide basis. Allowing this action to proceed as a class or collective action would violate Defendant's rights under the Seventh and Fourteenth Amendment to the United States Constitution.

7.      Plaintiffs' allegations that the Complaint is appropriate for certification as a class and collective action or that there are others similarly situated are without basis and should be stricken.

8.     Plaintiffs cannot satisfy the legal requirements for instituting or maintaining a class action under Fed. R. Civ. P. 23 and Defendant denies that a Rule 23 class action is proper.

9.     This case is not appropriate for class certification because Plaintiffs cannot demonstrate that common questions of fact and law predominate. Rather, the facts and law common to the case are insignificant compared to the individual facts and issues particular to Plaintiffs and members of the purported classes, and consideration of the exempt status of and hours worked by Plaintiffs and each putative member of Plaintiffs' proposed classes will require an individualized analysis into the actual day-to-day duties and activities of each individual.

10.     This case is not appropriate for class certification because Plaintiffs are not able to fairly and adequately protect the interests of all members of the putative classes.

11.     This case is not appropriate for class certification because Plaintiffs' claims are not typical of the claims of any members of the alleged and purported classes.

12.     Plaintiffs' claims, and/or the claims of any member of any putative class or collective action, are barred in whole or in part, because, even if Defendant violated any provision of the FLSA or New York or Ohio state law, which Defendant specifically denies, such violation was not pursuant to a uniform policy or plan.

13.     Plaintiffs' claims, and/or the claims of any member of any putative class or collective action, are barred because Plaintiffs and/or any putative class or collective action member have been paid all monies due and owing to them for work performed.

14.     In calculating overtime liability (if any), Defendant is entitled to exclude all elements of Plaintiffs' compensation, and/or that of any putative members of Plaintiffs' proposed classes, that are excludable from an employee's regular rate for purposes of calculating overtime, including but not limited to, those elements that fall within Section 7(e) of the FLSA, 29 U.S.C. §

207(e), and for all time spent on preliminary or postliminary activities excludable from hours worked under 29 U.S.C. § 254 and all other hours which do not constitute hours worked or compensable time under the FLSA or New York or Ohio state law.

15.     Defendant is entitled to an offset against any damages awarded for amounts paid to Plaintiffs, and/or any member of any putative class or collective action, to which they were not otherwise entitled, including but not limited to wage overpayments.

16.     Plaintiffs' claims, and/or the claims of any member of any putative class or collective action, are barred in whole or in part under the *de minimis* doctrine and/or because the damages (if any) associated with such claims are too speculative to be permitted.

17.     Plaintiffs' claims, and/or the claims of any member of any putative class or collective action, are barred in whole or in part, because Plaintiffs and/or the putative class or collective action members either misperformed or failed to perform the duties which Defendant reasonably expected them to perform.

18.     Plaintiffs' claims, and/or the claims of any member of any putative class or collective action, are barred in whole or in part by the doctrines of after-acquired evidence, waiver,  estoppel, laches, unclean hands,  and/or avoidable consequences, to the extent that discovery reveals that Plaintiffs, and/or any member of any putative class or collective action, misrepresented, fabricated, falsely reported, or purposely concealed her actual job activities, functions, duties, performance, or hours worked.

19.     Plaintiffs' request for equitable or injunctive relief fails to state a claim and should be dismissed because there is no risk of irreparable injury or harm. Plaintiffs, and/or any member of any putative class or collective action, have an adequate remedy at law for any alleged damages they have suffered.

20.     Plaintiffs' claims for attorneys' fees are barred to the extent that such relief is not permitted by law or to the extent that counsel cannot establish a proper basis for recovering their fees.

21.     Plaintiffs' claims, and/or the claims of any member of any putative class or collective action, may be barred, limited and/or waived by a payment, settlement, or judgment.

22.     Plaintiffs' claims, and/or the claims of any member of any putative class or collective action, may be barred, limited, and/or waived under applicable bankruptcy laws.

23.     Plaintiffs' claims, and/or the claims of any member of any putative class or collective action, are barred as to all hours allegedly worked of which their employer lacked constructive or actual knowledge.

24.     Plaintiffs' claims for unpaid overtime wages, and/or the claims of any member of any putative class or collective action, are barred in whole or in part, because any such overtime wages (which Defendant denies) must be calculated and paid at no more than one-half of the regular rate of pay for each workweek in which overtime was worked.

25.     Defendant alleges that any unlawful or other wrongful acts, if any, taken by any of the officers, directors, supervisors, or employees of Defendant were outside the scope of their authority and such acts, if any, were not authorized, ratified or condoned by Defendant, and Defendant did not know, nor should Defendant have known of such conduct.

26.     Defendant has not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the First Amended Complaint, and accordingly, reserves the right to amend, modify, revise, or supplement its Answer, Affirmative and Other Defenses, and to plead such further defenses and affirmative defenses and to take such further actions as may be proper and necessary to their defense of this action.

## <u>DEFENDANT'S PRAYER FOR RELIEF</u>

WHEREFORE, having fully answered Plaintiffs' First Amended Complaint, Defendant respectfully requests that this Court:

     a.     Dismiss Plaintiffs' Complaint in its entirety;

     b.     Deny each and every demand, claim, and prayer for relief contained in Plaintiffs' Complaint, and order that Plaintiffs take nothing by their claims against Defendant;

     c.     Award Defendant its costs and attorneys' fees in defending this action pursuant to applicable law; and

     d.     Grant such other and further relief as the Court may deem just and equitable under the circumstances.

Dated: November 27, 2019

Respectfully Submitted,

*/s/ Patricia J. Martin*
Patricia J. Martin #57420(MO)
LITTLER MENDELSON, P.C.
600 Washington Ave., Suite 900
St. Louis, MO 63101
314.659.2000
314.659.2099 FAX
pmartin@littler.com

Douglas E. Smith, WA Bar #17319 (Admitted *Pro Hac Vice*)
Breanne S. Martell, WA Bar #39632 (Admitted *Pro Hac Vice*)
Alyesha A. Dotson, WA Bar # 55122 (Admitted *Pro Hac Vice*)
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Phone: 206.623.3300
Fax: 206.447.6965
desmith@littler.com
bsmartell@littler.com
adotson@littler.com

**ATTORNEYS FOR DEFENDANT
CENTENE MANAGEMENT COMPANY, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 27th day of November, 2019, a true and correct copy of the above and foregoing Defendant's Answer, Affirmative and Other Defenses to Plaintiffs' First Amended Class and Collective Action Complaint was electronically filed with the court using the CM/ECF system, which sent notification to all parties in interest participating in the CM/ECF.

*/s/ Patricia J. Martin*
PATRICIA J. MARTIN

4851-7042-1164.5 095402.1005