IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMANDA DEL TORO, DANIEL WERNER, JENNIFER MCGREGOR-HALSTEAD, JOSHUA CHROMICK AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> vs. <br><br> CENTENE MANAGEMENT COMPANY, LLC, <br><br> Defendant. | Case No. 4:19-cv-02635-JAR |

## DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW Defendant Centene Management Company, LLC ("Centene"), pursuant to Federal Rule of Civil Procedure 56, by and through its undersigned counsel, and moves for partial summary judgment on all federal Fair Labor Standards Act ("FLSA") claims and requests for relief asserted in this action by Named Plaintiff Jennifer McGregor-Halstead, and Opt-in Plaintiffs Michalia Hall and Sandra Lusunariz, on the grounds that such claims and requests for relief are barred under the maximum three-year statute of limitations applicable to FLSA claims. *See* 29 U.S.C. §§ 255 and 256. In support of its Motion for Partial Summary Judgment, Centene states as follows:

1. On September 25, 2019, Plaintiffs filed this action against Centene and asserted federal FLSA collective action claims on behalf of certain salaried, exempt "Care Management Employees" employed by Centene since September 25, 2016 (three years prior to the date Plaintiffs filed their Complaint). *See* Class and Collective Action Complaint (Doc. 1), at ¶¶ 7-11,

and 74-85. Plaintiffs later filed a First Amended Complaint, which reasserted the same claims. *See* First Amended Class and Collective Action Complaint (Doc. 21), filed October 31, 2019, at ¶¶ 7-11, and 74-85. Plaintiffs' federal FLSA claims assert that Centene "misclassified some or all of its Care Management Employees as exempt from state and federal overtime laws." *Id*. at ¶ 11.

2. Named Plaintiff Jennifer McGregor-Halstead's ("McGregor-Halstead") federal claims in this action are barred under the maximum three-year FLSA statute of limitations because her employment with Centene terminated on September 23, 2016, which is more than three years prior to September 25, 2019 (the date Plaintiffs filed this action (Doc. 1), and the date on which McGregor-Halstead filed her individual consent to join the action (Doc. 5-1, at p. 6)). *See* accompanying Declaration of Mary-Katherine Kutac in Support of Defendant's Motion for Partial Summary Judgment ("Kutac Decl."), at ¶ 3.

3. Opt-in Plaintiff Michalia Hall's ("Hall") has no claim that she was misclassified as a salaried, exempt worker during the maximum three-year FLSA statute of limitations period because she worked in an hourly, non-exempt position from August 14, 2016 until her employment ended on September 20, 2018.[1] *See* accompanying Declaration of Kathleen Menfi in Support of Defendant's Motion for Partial Summary Judgment ("Menfi Decl."), at ¶ 3. Hall filed her individual consent to join this action on September 25, 2019, the same date that Plaintiffs filed the action. *See* Doc. 5-1, at p. 8.

4. For the same reason, Opt-in Plaintiff Sandra Lusunariz ("Lusunariz") has no claim that she was misclassified as a salaried, exempt worker during the maximum three-year FLSA

---

[1] Hall was not employed by Defendant Centene Management Company, LLC—instead, she was employed by a completely separate entity, Centene Company of Texas, L.P. Menfi Decl., ¶ 3. Regardless, Hall has no misclassification claim against any Centene entity because she never worked in a salaried, exempt position during the three-year period prior to September 25, 2019 (which is the date this action was filed (Doc. 1), and the date on which Hall filed her individual consent to join the action (Doc.5-1, at p. 8)). *Id*.

statute of limitations period because she worked in an hourly, non-exempt position from July 18, 2016, until her employment with Centene ended on October 7, 2016. Kutac Decl., at ¶ 4. Lusunariz filed her individual consent to join this action on September 25, 2019, the same date that Plaintiffs filed the action. *See* Doc. 5-1, at p. 10.

5. Centene files simultaneously herewith, and incorporates herein by reference, its Memorandum in Support of its Motion for Partial Summary Judgment, explaining in detail why it is entitled to judgment as a matter of law with respect to the FLSA claims asserted by McGregor-Halstead, Hall, and Lusunariz.

WHEREFORE, Defendant Centene Management Company, LLC, respectfully requests this Court grant it partial summary judgment; dismiss with prejudice the FLSA claims asserted by McGregor-Halstead, Hall, and Lusunariz; strike the Notice of Consent forms filed by McGregor-Halstead, Hall, and Lusunariz; and grant it such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*/s/ Patricia J. Martin*
Patricia J. Martin #57420 MO
LITTLER MENDELSON, P.C.
600 Washington Ave., Suite 900
St. Louis, MO 63101
314.659.2000
314.659.2099 FAX
pmartin@littler.com

*/s/ Breanne S. Martell*
Breanne S. Martell, WA Bar #39632
(Admitted *Pro Hac Vice*)
Douglas E. Smith, WA Bar #17319
(Admitted *Pro Hac Vice*)
Alyesha A. Dotson, WA Bar #55122
(Admitted *Pro Hac Vice*)
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Phone: 206.623.3300
Fax: 206.447.6965
desmith@littler.com
bsmartell@littler.com
adotson@littler.com

**ATTORNEYS FOR DEFENDANT
CENTENE MANAGEMENT COMPANY, LLC**

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on the 21st day of February, 2020 a true and correct copy of the above and foregoing Defendant's Motion for Partial Summary Judgment was electronically filed with the court using the CM/ECF system, which sent notification to all parties in interest participating in the CM/ECF.

                                                                  */s/ Breanne S. Martell*

4825-6509-6373.2 095402.1005