IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **AMANDA DEL TORO, DANIEL WERNER, JENNIFER MCGREGOR-HALSTEAD, JOSHUA CHROMICK AND ALL OTHERS SIMILARLY SITUATED,** | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:19-cv-02635-JAR |
| vs. | ) ) | |
| **CENTENE MANAGEMENT COMPANY, LLC,** | ) ) ) ) | |
| Defendant. | ) | |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

**I.    INTRODUCTION**

The maximum statute of limitations under the federal Fair Labor Standards Act ("FLSA") is three years, and in a putative collective action such as the present case, the statute of limitations continues to run against each individual until a lawsuit is filed and the individual files a consent to join the action.  *See* 29 U.S.C. § 256.  Here, Plaintiffs filed this action against Defendant Centene Management Company, LLC ("Centene") on September 25, 2019 (Doc. 1), and the Named Plaintiff (Jennifer McGregor-Halstead) and Opt-in Plaintiffs (Michalia Hall and Sandra Lusunariz) who are the subject of this motion each filed their individual consents to join the action on the same date, September 25, 2019 (Doc. 5-1, at pp. 6, 8 and 10).

In this action, Plaintiffs have specifically brought their purported FLSA collective action on behalf of individuals who worked for Centene as "Care Management Employees," and were classified as "exempt" and paid a "salary," during the three-year period beginning September 25,

2016. *See* Class and Collective Action Complaint ("Complaint") (Doc. 1), at ¶¶ 7, 8, 10 and 76; First Amended Class and Collective Action Complaint ("FAC") (Doc. 21), at ¶¶ 7, 8, 10 and 76. Plaintiffs' FLSA claims are premised on the assertion that Centene "misclassified some or all of its Care Management Employees as exempt from state and federal overtime laws." Complaint, at ¶ 11; FAC, at ¶ 11.

Centene now brings this motion for summary judgment to dismiss with prejudice the federal FLSA claims and associated requests for relief asserted by Named Plaintiff Jennifer McGregor-Halstead ("McGregor-Halstead") and Opt-in Plaintiffs Michalia Hall ("Hall") and Sandra Lusunariz ("Lusunariz"). Such claims are time barred because McGregor-Halstead's employment with Centene ended before September 25, 2016 (the maximum FLSA statute of limitations cutoff date), and because Hall and Lusunariz did not work for Centene as salaried, exempt employees at any point on or after that same date (September 25, 2016).[1]

Because Centene did not employ McGregor-Halstead, Hall, or Lusunariz as exempt, salaried workers during the maximum three-year FLSA statute of limitations period, Centene is entitled to judgment as a matter of law on their FLSA claims.

## II.   CENTENE IS ENTITLED TO SUMMARY JUDGMENT ON THE FLSA CLAIMS ASSERTED BY MCGREGOR-HALSTEAD, HALL, AND LUSUNARIZ.

### A.   Legal Standard.

Summary judgment is required if "there is no genuine dispute as to any material fact" and the defendant is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Carmody v. Kansas City Bd. of Police Comm'rs*, 713 F.3d 401, 404 (8th Cir. 2013). Summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the Federal Rules of Civil

---

[1] Centene maintains that it did not violate the FLSA and further, it did not willfully violate the FLSA and a two-year statute of limitations applies to the FLSA claims asserted in this action.

Procedure, which are designed to secure the just, speedy, and inexpensive determination of every action.  FED. R. CIV. P. 1; *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Centene has the initial burden of showing there is no genuine issue of material fact, which it can satisfy simply by demonstrating there is no evidence to support an essential element of Plaintiffs' claim.  *See Celotex*, 477 U.S. at 325; *Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1059-60 (8th Cir 2014) (affirming grant of summary judgment for employer on FLSA claim). "A complete failure to prove an essential element of the [plaintiffs'] case renders all other facts immaterial." *Carmody v. Kan. City Bd. of Police Comm'rs,* 713 F.3d 401, 404, 407 (8th Cir. 2013) (affirming summary judgment for employer and dismissing FLSA claims) (internal citations and quotations omitted).

As shown below, Centene is entitled to summary judgment on the FLSA claims asserted by McGregor-Halstead, Hall, and Lusunariz because such claims are time-barred as a matter of undisputed fact and law.

### B. The Statute Of Limitations Bars the FLSA Claims of McGregor-Halstead, Hall, and Lusunariz.

Section 216(b) of the FLSA provides a process through which plaintiffs may bring a collective action on behalf of themselves "and other employees similarly situated."  29 U.S.C. § 216(b).  In an FLSA collective action, the statute of limitations continues to run against each individual until the complaint is filed and the individual files a consent to join the lawsuit.  *See* 29 U.S.C. § 256 ("[a] claimant's FLSA action is deemed commenced for statute of limitations purposes on the ... date on which ... written consent [to opt-in to the lawsuit] is filed in the court in which the action was commenced"); *see, also, e.g., Redman v. United States W. Bus. Res.*, 153 F.3d 691, 695 (8th Cir. 1998) (explaining that "[i]n the case of a collective action under the FLSA, the action is commenced when a party files his or her written consent to become part of the

action"). Under the FLSA, the maximum statute of limitations period is three years. *See* 29 U.S.C. § 255(a); *see also, e.g., Redman,* 153 F.3d at 695 (affirming summary judgment for employer, finding FLSA claims time-barred where they were filed more than three years after plaintiff completed the work on which the claims were based).

McGregor-Halstead was not employed by Centene during the three-year period prior to September 25, 2019, which is the date Plaintiffs filed their Complaint (Doc. 1), and the date McGregor-Halstead filed her individual consent to join the action (Doc. 5-1, at p. 6). *See* Def.'s Statement of Uncontroverted Material Facts in Supp. of Def.'s Mot. for Summ. J. ("SOF"), at ¶¶ 1-2, 5. Similarly, Opt-in Plaintiffs Hall and Lusunariz were not employed by Centene as salaried, exempt employees during the three-year period before September 25, 2019 (which is also the date on which Hall and Lusunariz filed their individual consents to join the action) (Doc. 5-1, at pp. 8 and 10). *See* SOF, at ¶¶ 1-2, 7, 9. Instead, Hall and Lusunariz worked as hourly, non-exempt workers at all times on and after September 25, 2016. *Id.* Thus, the FLSA claims asserted by McGregor-Halstead, Hall, and Lusunariz, are time-barred and should be dismissed with prejudice. *See Redman,* 153 F.3d at 695.[2]

Further, "a court … can strike consents if a basis for doing so is established." *Werheim v. Arizona,* No. CIV 92-453 PHX RCB, 1993 WL 603552, at *8 (D. Ariz. Sept. 30, 1993) (granting defendant's motion to strike consents to join the collective suit insofar as the consents included

---

[2] *See also, e.g., Reynolds v. Wyndham Vacation Resorts, Inc.,* No. 4:14-CV-2261-PMD, 2016 WL 362620, at *4 (D.S.C. Jan. 29, 2016) (granting motion for summary judgment on claims of opt-in plaintiffs who failed to file consent forms within three years after their last dates of employment, finding such opt-ins were barred from any recovery); *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12CV00363, 2014 WL 37662, at *6  (E.D. Va. Jan. 3, 2014) (same); *Veliz v. Cintas Corp.*, No. C03-1180 SBA, 2007 WL 841776, at *6 (N.D. Cal. Mar. 20, 2007) (same); *Smith  Baldridge v. SBC Commc'ns, Inc*., No. Civ.A. 504CV071J, 2006 WL 832517, at *2 (N.D. Tex. Mar. 29, 2006) (same).

employees not falling within the opt-in class).[3]  Because McGregor-Halstead, Hall, and Lusunariz do not fall within the definition of the proposed FLSA collective action, *see* Complaint and FAC at ¶ 76 (limiting proposed FLSA collective action to "individuals employed by Defendant as Care Management Employees in the last three years who were paid a salary and were classified as exempt from overtime"), their consent forms should be stricken.

## III. CONCLUSION

The FLSA claims asserted by McGregor-Halstead, Hall, and Lusunariz, are barred by the maximum three-year FLSA statute of limitations.  Accordingly, Centene respectfully requests this Court grant it partial summary judgment, and dismiss with prejudice the FLSA claims asserted by Named Plaintiff McGregor-Halstead, and Opt-in Plaintiffs Hall and Lusunariz, as alleged in Plaintiffs' First Amended Class and Collective Action Complaint (Doc. 21).  Further, Centene respectfully requests the Court strike the consent forms filed by McGregor-Halstead, Hall, and Lusunariz (Doc. 5-1, pp. 6, 8, and 10), and grant Centene such other and further relief as the Court deems just and proper.

---

[3] *See also, e.g., Price v. Pub. Serv. Co. of Oklahoma*, 13-CV-514-GKF-FHM, 2014 WL 5017931, at *1 (N.D. Okla. Oct. 7, 2014) (granting defendant's motion to strike consent form where it was filed by a purported opt-in plaintiff more than three years after his last date of employment, finding the claim was time-barred); *Harkins v. Riverboat Servs.*, No. 99 C 123, 2002 WL 32406581, at *20 (N.D. Ill. May 16, 2002) (finding 18 consent forms were time-barred under the FLSA's maximum three-year limitations period, and striking four additional consents filed outside opt-in deadline specified in notice); *cf. Sandoval v. Serco, Inc.,* No. 4:18-CV-01562 JAR, 2019 WL 2075910, at *7 (E.D. Mo. May 10, 2019) (striking consent forms obtained by improper solicitation).

Respectfully Submitted,

*/s/ Patricia J. Martin*
Patricia J. Martin #57420 MO
LITTLER MENDELSON, P.C.
600 Washington Ave., Suite 900
St. Louis, MO 63101
314.659.2000
314.659.2099 FAX
pmartin@littler.com


*/s/ Breanne S. Martell*
Breanne S. Martell, WA Bar #39632
(Admitted *Pro Hac Vice*)
Douglas E. Smith, WA Bar #17319
(Admitted *Pro Hac Vice*)
Alyesha A. Dotson, WA Bar #55122
(Admitted *Pro Hac Vice*)
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Phone: 206.623.3300
Fax: 206.447.6965
desmith@littler.com
bsmartell@littler.com
adotson@littler.com


**ATTORNEYS FOR DEFENDANT
CENTENE MANAGEMENT COMPANY, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of February, 2020 a true and correct copy of the above and foregoing Defendant's Memorandum in Support of its Motion for Partial Summary Judgment was electronically filed with the court using the CM/ECF system, which sent notification to all parties in interest participating in the CM/ECF.

/s/ Breanne S. Martell

4844-3844-2933.2 095402.1005