## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

|  |  |
|---|---|
| AMANDA DEL TORO, DANIEL WERNER, JENNIFER MCGREGOR-HALSTEAD, JOSHUA CHROMICK, AND ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiffs*,<br><br>v.<br><br>CENTENE MANAGEMENT COMPANY, LLC,<br><br>*Defendant*. | Civil Action No. 4:19-cv-02635 |

## JOINT MOTION TO CONTINUE STAY FOR A PERIOD OF 30 DAYS

The Parties jointly file this Motion to Continue Stay for a Period of 30 Days. The Parties request that the Court continue the stay entered on May 26, 2020, and extended on November 5, 2020, to allow the Parties additional time to focus their resources on resolving this case. In support of this Motion, the Parties state the following:

**Background and Status of Settlement Discussions**

1.     On September 25, 2019, Plaintiffs filed this putative collective/class action under the federal Fair Labor Standards Act ("FLSA"), and under state law under the New York Labor Law ("NYLL"), and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"). ECF 1. Plaintiffs subsequently filed an amended class and collective action complaint narrowing the proposed class definitions of the FLSA collective and proposed Rule 23 state law classes for New York and Ohio.  ECF 21.

2.      On April 30, 2020, the Court granted, in part, Plaintiffs' Motion for Step One Notice, and conditionally certified and authorized FLSA opt-in notice to the following 7-state collective (the "Conditionally Certified Collective"):

> All individuals employed by Defendant as Care Management Employees in Texas, Louisiana, Georgia, Florida, Ohio, New York, or Washington in the last three years who were paid a salary and were classified as exempt from overtime ("Putative Collective Action Members").   This definition specifically excludes all individuals who have filed consents to join any of the following cases: Rotthoff v. New York State Catholic Health Plan, Inc. et al., Case No. 1:19-cv-4027-AMD-CLP (E.D.N.Y.); Gudger v. Centene Mgmt. Co., LLC et al., Case No. 2:17-cv-14281 (S.D. Fla.); or Linnear v. Illinicare Health Plan, Inc., 1:17-cv-7132 (N.D. Ill.).

ECF 56, p. 6.  The Court further directed the Parties to "meet and confer to address any objections to Plaintiff's proposed timing and method for notice," and ordered Defendant to submit any unresolved objections within 15 days of the Court's Order. *Id.,* p. 7.  The Court subsequently extended that deadline to May 22, 2020 at the Parties' request.  ECF 60.

3.      The Parties conferred on settlement, and they agreed to schedule a private mediation. The Parties requested that the Court stay the case for a period of 164 days to avoid incurring unnecessary expense and to permit the Parties to focus their time and resources on early resolution of this matter.  The Court granted the Parties' motion and ordered the Parties to file a joint status report within fourteen days of the mediation. Order dated May 26, 2020, ECF No. 62.

4.      Defendants produced payroll and time data to Plaintiffs for over 1,000 employees. The Parties exchanged comprehensive mediation statements, and they participated in a day long mediation with Frank Neuner on October 21, 2020. The Parties

did not reach a settlement by the end of the day, but they also did not reach impasse. The Parties continue to discuss settlement.  The Parties have a continued mediation with Frank Neuner scheduled for December 9, 2020.

**Requested Relief**

5.      The Parties jointly agree and request that the Court continue the stay in this case for a period of 30 days.

6.      The Parties further agree that if the Court grants this joint motion to continue stay, the statute of limitations on any claim under the Fair Labor Standards Act for any potential opt-in Plaintiff who is eligible to receive notice of the lawsuit pursuant to the Court's April 30, 2020 Order shall continue to be tolled from May 26, 2020 through January 8, 2021.

7.      In the event the Parties are not able to resolve this matter, the Parties will meet and confer to address any objections to Plaintiffs' proposed timing and method for notice consistent with the Court's April 30, 2020 order, and Centene shall submit to the Court in writing any unresolved objections by January 22, 2021.

RESPECTFULLY SUBMITTED,

/S/ DOUGLAS  WERMAN

Douglas M. Werman
Maureen A. Salas
WERMAN SALAS P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008
Facsimile: (312) 419-1025
dwerman@flsalaw.com

/s/ DOUGLAS E. SMITH

Patricia J. Martin
LITTLER MENDELSON, P.C.
600 Washington Ave., Suite 900
St. Louis, MO 63101
Telephone: 314.659.2000
Facsimile: 314.659.2099
pmartin@littler.com

msalas@flsalaw.com

Travis M. Hedgpeth
**THE HEDGPETH LAW FIRM, PC**
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
Facsimile: (281) 572-0728
travis@hedgpethlaw.com

Russell C. Riggan #53060
Samuel W. Moore #58526
**RIGGAN LAW FIRM LLC**
130 West Monroe Avenue
Kirkwood, MO 63122
Telephone: (314) 835-9100
Facsimile: (314) 735-1054
russ@rigganlawfirm.com
smoore@rigganlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

Douglas E. Smith
*Pro Hac Vice*
Breanne Sheetz Martell
*Pro Hac Vice*
ALeusha A. Dotson
*Pro Hac Vice*
**LITTLER MENDELSON, P.C.**
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101
Telephone: 206.623.3300
desmith@littler.com
bsmartell@littler.com
adotson@littler.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record through the court's ECF system as of the date file-stamped thereon.

*/s/ Douglas E. Smith*
**DOUGLAS E. SMITH**