IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **AMANDA DEL TORO, DANIEL WERNER, JENNIFER MCGREGOR-HALSTEAD, JOSHUA CHROMICK, and all others similarly situated,**<br><br>Plaintiffs,<br><br>vs.<br><br>**CENTENE MANAGEMENT COMPANY, LLC,**<br><br>Defendant. | Case No. 4:19-cv-02635 |

**JOINT MOTION TO FILE SETTLEMENT AGREEMENT UNDER SEAL**

**I.     INTRODUCTION**

Plaintiffs filed this case against Defendant on September 25, 2019 alleging violations of the Fair Labor Standards Act ("FLSA"), as well as New York and Ohio state laws. After extensive settlement discussions, including two full-day mediations, the Parties have reached a settlement under the terms and conditions as set forth in a Confidential Settlement Agreement (the "Settlement Agreement"). The Parties intend to file their Joint Motion for Approval of Settlement Under the Fair Labor Standards Act with this Court by April 12, 2021, the date the stay of the case expires. Prior to doing so, the Parties request that this Court grant them leave to file their Settlement Agreement under seal.

**II.    ARGUMENT**

    **A.    The Court Can And Should Permit The Parties To File The Settlement Agreement Under Seal To Maintain The Confidentiality Of The Settlement.**

A Court has supervisory powers over its own records and, thus, this Court has discretion

to allow the parties to file the Settlement Agreement under seal. *See Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371 (8th Cir. 1990). The public's interest in access to certain court documents is important, but "it is not absolute." *Nixon v. Warner Commcn's*, 435 U.S. 589, 598 (1978); *see also Wood v. Robert Bosch Tool Corp.*, 2016 U.S. Dist. LEXIS 165612, *13 (E.D. Mo. Nov. 30, 2016). To that end, although the Eighth Circuit has acknowledged a common-law right of public access to judicial records in a civil proceeding, it does not recognize a "strong presumption" favoring such access. *See Webster Groves Sch. Dist.*, 898 F.2d at 1376–77 (quoting *United States v. Webbe*, 791 F.2d 103, 106 (8th Cir. 1986)). The common-law right of access "is not absolute, but requires a weighing of competing interests." *Id.* at 1371. The decision of whether court records should be sealed is one committed to the sound discretion of the trial court. *Id.* at 1374.

In exercising its discretion to seal judicial records in civil proceedings, a court balances "the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013). The common-law right of access serves such interests as "bolster[ing] public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings," and allowing citizens "to keep a watchful eye on the workings of public agencies." *Id.* at 1222 (quoting *Nixon*, 435 U.S. at 598). Importantly, however, "courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

    **B.**    **District Courts Routinely Permit Parties To File FLSA Settlement Documents Under Seal.**

District courts within the Eighth Circuit routinely permit parties to file FLSA settlement documents under seal or to keep settlement terms private. *See, e.g., Thompson v. Diversey, Inc.,*

No. 4:16-cv-00272-SNLJ (E.D. Mo. Sept. 23, 2019) (Limbaugh, J.) (ECF Nos. 21, 23); *Ezell v. Acosta Sales, LLC*, No, 4:16-cv-00870-RLW (E.D. Mo. April 4, 2019) (White, J.) (ECF Nos. 117, 120); *Arnold v. DIRECTV, Inc.*, No. 4:10-cv-00352-JAR (E.D. Mo. Aug. 29, 2017) (Ross, J.) (ECF Nos. 483–84); *Astarita v. Pinnacle Entertainment, Inc.*, No. 4:15-cv-00095-GAF (W.D. Mo. Oct. 24, 2016) (Fenner, J.) (ECF Nos. 145–46); *Brown v. Reddy Ice Corp.*, No. 4:14CV1786 RLW (E.D. Mo., May 19, 2016) (White, J.); *Sanderson v. City of Potosi,* Case No. 4:13-CV-1457 NAB (E.D. Mo., May 3, 2016) (Baker, J.); *Collins v. Veolia ES Indus. Servs., Inc.*, No. 4:15-CV-00743-AGF (E.D. Mo., Apr. 1, 2016) (Fleissig, J.); *Borderocco v. Cerner Corp.*, No. 4:15-cv-00144 (W.D. Mo. July 15, 2015) (Whipple, J.) (ECF No. 28); *Herbst v. Ressler & Assocs., Inc.*, No. 4:13-CV-2327 CAS (E.D. Mo., May 21, 2015) (Shaw, J.); *Williams v. BPV Mkt. Place Investors, L.L.C.,* No. 4:14-CV-1047 CAS (E.D. Mo., Oct. 7, 2014); (Shaw, J.) *Fry v. Accent Marketing Services, Inc.,* No. 4:13-CV-00059 CDP (E.D. Mo. Jan. 27, 2014) (Perry, J.) ("the interests of justice weigh in favor of approving the parties' settlement agreement and allowing it to remain filed under seal"); *Fast v. Applebee's Int'l, Inc.*, No. 06-cv-4146 (W.D. Mo. Aug. 31, 2012, and Nov. 1, 2012) (Laughrey, J.) (ECF Nos. 377, 383); *Johnson v. General Mills, Inc*., No. 10-cv-1104 (W.D. Mo. Oct. 28, 2011, and Feb. 23, 2012) (Dorr, J.) (ECF Nos. 54, 59); *Dernovish v. AT&T Operations, Inc.*, No. 09-15 (W.D. Mo. Feb. 7, 2011) (Smith, J.) (ECF Nos. 287–88).[1]

---

[1] The same is also true for district courts in other Circuits. *See, e.g.*, *Jose Hernandez and Ana Marie Mejia v. Elite Floral & Produce, LLC, et al.*, Case No. 1:13-cv-01095 (D.D.C. Dec. 2, 2013) (Wilkins, J.) (permitting parties to submit FLSA settlement agreement under seal for approval because of confidentiality provision contained in agreement); *Tawamba v. Challenger Transport., Inc.*, No. 8:10-cv-02733-AW (D. Md. 2011) (Williams, J.) (approving settlement of FLSA claims after conducting telephonic fairness hearing and without publicly disclosing terms of settlement); *Howell v. Dolgencorp, Inc.*, No. 2:09-CV-41, 2011 WL 121912, at *3 (N.D.W. Va. Jan. 13, 2011) (Bailey, J.) (approving settlement and dismissing FLSA claims after conducting *in camera* review of settlement agreement); *Cruz v. H&R Block Eastern Enterprises, Inc.*, No. 1:11-CV-21036 (S.D. Fla. 2011) (Jordon, J.) (approving FLSA settlement and dismissing claims after conducting *in camera* review of settlement agreement); *Brune v. JPL Advisors, Inc.*, No. 8:11-cv-244-T-24-TBM (M.D. Fla. 2011) (Bucklew, J.) (approving settlement of FLSA claim after permitting parties to submit settlement agreement for *in camera* review); *Belcher v. CHA Companies, Inc.*, Civ. No. 3:10-cv-420, 2011 U.S. Dist. Lexis 39063 (E.D. Va. 2011) (Lauck, M.J.) (recommending that court grant joint motion to approve settlement and dismiss FLSA claim after conducting *in camera* review of

### C. The Parties' Interests Weigh In Favor Of Permitting The Settlement Documents To Be Filed Under Seal.

Non-publicity of certain terms of the Settlement Agreement was an important consideration for the Parties to agree to resolve this matter. Without it, the Parties would have been discouraged from settlement. As such, the Parties negotiated to maintain the confidentiality of the Settlement Agreement and its terms and to request the Court's permission to file the Settlement Agreement under seal as part of the settlement approval process. As the court explained in *Kalinauskas v. Wong*, "[c]onfidential settlements benefit . . . the parties . . . .  The secrecy of a settlement agreement and the contractual rights of the parties thereunder ***deserve court protection***." 151 F.R.D. 363, 365 (D. Nev. 1993) (emphasis added). *See also Auto-Owners Ins. Co. v. Mid-Am. Piping, Inc.*, 2008 WL 2570820, at *2 (E.D. Mo. June 26, 2008) (refusing to compromise the confidential nature of a settlement in the context of a discovery dispute due to "the public policy to encourage settlements and to uphold confidentiality provisions") (citation and internal quotation marks omitted); *Alicia B. Through Cynthia B. v. Malloy*, 2016 WL 9782480, at *1 (D. Conn. Dec. 20, 2016) (explaining that confidentiality was key to the parties' negotiations and that allowing them to file their confidential settlement under seal was "in the interest . . . of the general public, which benefits from an efficient litigation process").

---

settlement agreement); *Collis v. Bank of America N.A.*, No. PJM 06-1411, 2010 WL 2892559, at *1 n. 1 (D. Md. 2010) (Messitte, J.) (granting parties' motion to seal details of settlement of FLSA claim); *Patterson v. Richmond School of Health & Tech., Inc.*, No. 3:10cv368, 2010 WL 4902046, at *1 (E.D. Va. Nov. 4, 2010) (Lauck, Mag. J.) (recommending approval of settlement of FLSA claim and dismissal of action after reviewing settlement agreement *in camera*), *adopted*, 2011 WL 4918704, at *1 (E.D. Va. 2010) (Spencer, J.); *Medley v. American Cancer Society*, No. 10 Civ. 3214(BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010) (Jones, J.) (approving settlement of FLSA claims after terms of settlement were filed *in camera*); *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *2, 6 (N.D. Ohio Mar. 8, 2010) (Lioi, J.) (approving settlement of FLSA claims and noting that settlement agreement was filed under seal); *Johnson v. WellPoint, Inc.*, 1:06-cv-02430-ODE (N.D. Ga. Sep. 2, 2009) (Evans, J.) (approving stipulation of settlement approval submitted under seal and dismissing with prejudice plaintiffs' claims); *Fredereksen v. ADM Milling Co.*, No. 06-cv-0113-GLS-DRH (N.D.N.Y. Nov. 6, 2007) (Sharpe, J.) (approving settlement without entering terms of settlement on record).

The Court should allow the parties to file and maintain this confidential information under seal.

### D. The Public Has A Strong Interest In Permitting The Settlement Agreement To Remain Under Seal Because Doing So Encourages Settlements.

Sealing information about the parties' settlement also serves important public interests. Permitting settlement documents to be filed under seal *encourages* settlement, and denying the ability to do so *discourages* settlements. Numerous courts have recognized that the public has a significant interest in maintaining the confidentiality of settlements to the extent they encourage settlement. *See Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1149 (8th Cir. 1999) ("A strong public policy favors [settlement] agreements, and the courts should approach them with a presumption in their favor"); *see also Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (recognizing that "preserving the confidentiality of settlement agreements may encourage settlement, and that denying a motion to seal may chill future settlement discussions"); *Kalinauskas,* 151 F.R.D. at 365 (confidential settlements "benefit society . . . by resolving disputes relatively quickly, with slight judicial intervention, and presumably result in greater satisfaction to the parties"); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982) (recognizing policy of encouraging settlement of FLSA litigation). Thus, District Courts generally have "the power to prevent access to settlement negotiations when necessary to encourage the amicable resolution of disputes." *United States v. Glens Falls Newspapers*, 160 F.3d 853, 856 (2d Cir. 1998).

Like the cases above, there is undoubtedly a strong public interest in this case being fully and finally resolved. Forcing parties to publicly announce the settlement terms they have privately negotiated, notwithstanding the denial of any liability, will discourage parties from resolving their disputes, which is not in the public interest.

JOINT MOTION TO FILE SETTLEMENT
AGREEMENT UNDER SEAL

## III. CONCLUSION

For the foregoing reasons, in light of the anticipated Joint Motion for Approval of Settlement, the parties request that the Court grant leave to file the Settlement Agreement in this case under seal.

Dated: April 1, 2021

Respectfully submitted,

*s/ Douglas M. Werman*

Douglas M. Werman
Maureen A. Salas
**WERMAN SALAS P.C.**
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008
Facsimile: (312) 419-1025
dwerman@flsalaw.com
msalas@flsalaw.com

Travis M. Hedgpeth
**THE HEDGPETH LAW FIRM, PC**
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
Facsimile: (281) 572-0728
travis@hedgpethlaw.com

Russell C. Riggan #53060
Samuel W. Moore #58526
**RIGGAN LAW FIRM LLC**
130 West Monroe Avenue
Kirkwood, MO 63122
Telephone: (314) 835-9100
Facsimile: (314) 735-1054
russ@rigganlawfirm.com
smoore@rigganlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

*s/ Breanne Sheetz Martell*

Patricia J. Martin
**LITTLER MENDELSON, P.C.**
600 Washington Ave., Suite 900
St. Louis, MO 63101
Telephone: 314.659.2000
Facsimile: 314.659.2099
pmartin@littler.com

Douglas E. Smith
*Pro Hac Vice*
Breanne Sheetz Martell
*Pro Hac Vice*
Alyesha A. Dotson
*Pro Hac Vice*
**LITTLER MENDELSON, P.C.**
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101
Telephone: 206.623.3300
desmith@littler.com
bsmartell@littler.com
adotson@littler.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 1st day of April, 2021, a true and correct copy of the above and foregoing the parties' Joint Motion to File Settlement Agreement Under Seal was electronically filed with the court using the CM/ECF system, which sent notification to all parties in interest participating in the CM/ECF.

      *s/ Breanne Sheetz Martell*
      BREANNE SHEETZ MARTELL