UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMANDA DEL TORO, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 4:19-CV-02635-JAR |
| CENTENE MANAGEMENT COMPANY, LLC, | ) ) ) ) |
| Defendant. | ) ) |

**ORDER**

This matter is before the Court on the parties' Joint Motion to File Settlement Agreement Under Seal. (Doc. 77). The parties have achieved a settlement in this Fair Labor Standards Act ("FLSA") class action, and the case has been stayed until April 12, 2021 to allow the parties to finalize their proposed settlement agreement. (Doc. 70). The parties intend to file their Joint Motion for Approval of Settlement Under the FLSA by April 12, 2021 and seek leave to file the settlement agreement under seal.

Courts in this district frequently permit parties to submit FLSA settlement agreements under seal. *See, e.g.*, *Ezell v. Acosta, Inc.*, No. 4:16-CV-870 RLW, 2019 WL 8160704 (E.D. Mo. Apr. 4, 2019). But such precedent does not change the fundamental principle that there is a common-law right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The Eighth Circuit Court of Appeals has recognized the "presumption of public access" to certain filings. *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013). At least one court in this circuit has suggested that the presumption in favor of openness is particularly strong when the document at issue is a FLSA settlement agreement. *See Hart v. ITC Serv. Grp., Inc.*, No. 4:15-CV-00599-DGK, 2017 WL 2728439, at *1 (W.D. Mo. June 23, 2017) (citing *In re Sepracor*

*Inc. FLSA Litig.*, MDL No. 2039-DGC, 2009 WL 3253947, at *1-2 (D. Ariz. Oct. 8, 2009)). The parties must offer a compelling reason to overcome this presumption, and the balancing of competing factors is ultimately left to the sound discretion of the trial court. *IDT Corp.*, 709 F.3d at 1223 (quoting *Nixon*, 435 U.S. at 599).

The parties contend that "[n]on-publicity of certain terms of the Settlement Agreement was an important consideration for the [p]arties to resolve this matter." (Doc. 77 at 4). This Court recognizes the legitimate public interest in encouraging settlement. *See Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1149 (8th Cir. 1999). The Eastern District of Missouri, however, is considering a revised local rule which clarifies and expands public access to court records. Such change is consistent with the general trend of declining to seal documents unless there is a compelling reason to do so. With these developments in mind, and considering the parties' statement that confidentiality of "certain terms" is imperative, this Court will require the parties to either (1) explain why a redacted version of the settlement agreement cannot adequately preserve confidentiality or (2) publicly file a redacted version of the settlement agreement while filing the entire agreement under seal for this Court's consideration.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **April 12, 2021**, the parties shall file either (1) supplemental briefing explaining why a redacted version of the settlement agreement cannot adequately preserve confidentiality; or (2) a redacted version of the settlement agreement.

Dated this 5th day of April, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE