# EXHIBIT 1

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement ("Agreement") is made by and between Named Plaintiffs Amanda Del Toro, Daniel Werner, Jennifer McGregor-Halstead, and Joshua Chromick, individually and on behalf of the 13 Opt-In Plaintiffs and the putative collective action members they represent under Section 16(b) of the Fair Labor Standards Act, and Defendant Centene Management Company, LLC (collectively the "Parties").

WHEREAS, Named Plaintiffs filed the case captioned *Del Toro et al. v. Centene Management Company, LLC*, Case No. 4:19-cv-02635-JAR, in the Eastern District of Missouri on September 25, 2019 ("the Action"); and

WHEREAS, thirteen Opt-In Plaintiffs (excluding Named Plaintiffs) filed consent to join forms in the Action that have not been dismissed: Barronelle Lewis, Brandise Dewitty, Diana Nance, Joslyn Mcghee Johnson, Monique Owe, Tameka Bragg, Terrie Ortego, Jacoba Messman, Shana Anderson Greer, Teresa DeSantis, Tamara Balderas, Tanisha Kirksey, Cynthia Chavira; and

WHEREAS, on April 30, 2020, the Court granted, in part, Named Plaintiffs' Motion for Step One Notice, and conditionally certified and authorized FLSA opt-in notice to a seven-state collective of salaried Care Management Employees; and

WHEREAS, the Parties have conducted a thorough investigation into the facts of the Action and the Settlement Class Members' disputed claims against Defendant; and

WHEREAS, the Parties have engaged in extensive settlement discussions, including two full day mediations on October 21, 2020 and December 9, 2020 to discuss a possible resolution of the Action; and

WHEREAS, it is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims that have been alleged in the Action or that arise out of the facts or circumstances alleged in the Action;

NOW, THEREFORE, in consideration of the mutual covenants, promises, and warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

## I. DEFINITION OF "SETTLEMENT CLASS MEMBERS"

This Agreement is applicable to all "Settlement Class Members."  The term "Settlement Class Members" means and includes all persons who worked as salaried Care Management Employees for Centene Management Company, LLC, Centene Company of Texas, LP, Centene Company of New York, LLC, New York Quality Healthcare Corporation f/k/a Centene Acquisition Corporation, and/or Envolve NY (collectively, "Centene") in Florida, Georgia, Louisiana, New York, Ohio, Texas, and Washington ("the Covered States") through December 9, 2020.  This includes approximately 1,228 individuals, including persons for whom Defendant provided data on July 24, 2020, January 25, 2021, February 10, 2021, and March 8, 2021.

For purposes of this Settlement, the term Care Management Employee refers to individuals who worked in the following job positions: Behavioral Care Coordinator, Behavioral Care Manager, Behavioral Case Manager, Behavioral Health Case Manager, Care Manager I (Social Work), Care Manager II (Social Work), Care Manager HARP, Children Case Manager, Intake Specialist, Long Term Care Nurse Specialist, Program Specialist I (Social Work), Program Specialist II (Social Work), Program Specialist (Medical Management), Utilization Management Clinician, Utilization Management Clinician LPN, Utilization Management Specialist (Behavioral Health), Utilization Manager, Utilization Manager (Specialty Therapy & Rehabilitative Services), Utilization Review Nurse I, and Utilization Review Nurse II.  The term Care Management Employee also refers to Named Plaintiffs and Opt-in Plaintiffs who held the positions of Care Manager I and Care Manager II (RN).

## II.     REASONS FOR SETTLEMENT

Defendant expressly denies any liability or wrongdoing of any kind associated with the claims in the Action and maintains that it has complied with all applicable laws at all times. The Parties recognize the expense and length of the proceedings necessary to continue the litigation through trial and any possible appeals and have taken into account the uncertainty and risks associated with further litigation.  The Parties warrant and represent they have conducted a thorough investigation of the facts and allegations in the Action.  The Parties further represent and warrant that they have read this Agreement, they believe this Agreement represents a fair, adequate and reasonable settlement of disputed claims, and they have arrived at this Agreement through extensive arms-length negotiations, taking into account all relevant factors, present and potential. The Parties acknowledge that they have been represented by counsel of their choice throughout all negotiations that preceded the execution of this Agreement and that this Agreement has been executed with the consent and advice of counsel.

## III.    NO ADMISSION OF LIABILITY

This Agreement, its terms and provisions, and any of the negotiations connected with it, shall not in any way be construed as an admission by Defendant or the Released Parties that they acted wrongfully or engaged in any wrongdoing with respect to the Named Plaintiffs, Opt-In Plaintiffs, or Settlement Class Members.  Defendant specifically disclaims any liability to or wrongful acts against the Named Plaintiffs, Opt-In Plaintiffs, and Settlement Class Members. Defendant also denies that it or the Released Parties are responsible for any successorship liability on the claims of individuals who were employed by New York State Catholic Health Plan, Inc. prior to July 1, 2018.  This Agreement shall be inadmissible as evidence in any proceeding, except in an action or proceeding to approve, interpret, or enforce its terms.  The Parties further agree that this Agreement shall not constitute an admission, finding or evidence that any requirement for class or collective action certification has been satisfied in this Action, any other wage and hour litigation, or any other litigation against Defendant or the Released Parties.

## IV.    SETTLEMENT TERMS

### 1.     Filing of Second Amended Complaint

The Settlement Class includes the 251 additional persons who worked for Centene Company of New York, LLC in utilization management positions in New York between July 1, 2018 and December 31, 2018, and who were identified in the data Defendant previously produced on October 19, 2020 (excluding Necole Rotthoff, Rebecca Hutchinson, Terri-Ann McLean, and Gitah Brown-Wasser).  Within 7 days of the full execution of this Agreement, Named Plaintiffs will amend the First Amended Complaint in the Action to include these 251 additional individuals in the definition of the FLSA collective ("Second Amended Complaint").  The Second Amended Complaint will be subject to Defendant's review and approval, and it will be accomplished by the Parties' stipulation pursuant to FRCP 15(a)(2).  The Parties agree that Defendant is not required to file an Answer to the Second Amended Complaint and the Parties' stipulation will so state.

## 2.   Settlement Approval Date and Effective Date

As used in this Agreement, "Settlement Approval Date" means the date on which this Agreement is approved by the Court as provided herein.  The term "Effective Date" means the first date on which the Court's Judgment approving this Agreement is no longer appealable, or if an appeal is filed, the date on which such appeal is final and no further action is required by the Court (i.e., the 31st day after the Settlement Approval Date if no appeal is filed, or the date the Settlement Approval Order becomes final and binding after final resolution of any appeals if an appeal is filed).

## 3.   Direct Payment and Definition of "Participating Settlement Class Members"

The Parties will seek to resolve this Action under the FLSA using a one-step approval process.  If the Court approves the one-step process as provided herein, Settlement Class Members will be issued Settlement Checks along with the Settlement Notice.  Settlement Class Members shall not be required to submit a claim form to participate in this settlement.  Settlement Class Members who negotiate (i.e., cash or deposit) their Settlement Checks will be "Participating Settlement Class Members" and will be bound by the Settlement Approval Order.  Named Plaintiffs and Opt-In Plaintiffs are "Participating Settlement Class Members" regardless of whether they negotiate their Settlement Checks.

## 4.   Release of Claims

### a.  Release by Participating Settlement Class Members

Participating Settlement Class Members shall fully, finally, and forever release, settle, compromise, relinquish, and discharge the Released Parties from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, losses, fines, liens, interest, restitution, actions, or causes of action of whatever kind or nature, whether known or unknown, that were alleged in the Action or could have been alleged in the Action arising out of the facts or circumstances alleged in the Second Amended Complaint while they worked for Centene Management Company, LLC, Centene Company of Texas, LP, Centene Company of New York, LLC, New York Quality Healthcare Corporation f/k/a Centene Acquisition Corporation, and/or Envolve NY (collectively, "Centene"), as a salaried Care Management Employee through the Settlement Approval Date.  This includes claims for overtime

wages under federal, state, and local law; claims for inaccurate wage statements or hiring notices that are predicated on alleged overtime misclassification of Settlement Class Members under federal, state, and local law; and claims related to the foregoing for liquidated, exemplary, or punitive damages, penalties, equitable relief, interest, and attorneys' fees or costs.  Settlement Class Members who were employed by New York State Catholic Health Plan, Inc. prior to July 1, 2018 will also release the Released Parties from the same claims prior to July 1, 2018 to the extent those claims are asserted against the Released Parties on a theory of successorship liability.  Named Plaintiffs and Opt-in Plaintiffs will release their claims as stated in this Section 4 regardless of whether they negotiate their Settlement Checks.  All other Settlement Class Members who do not negotiate their Settlement Checks will not release any claims.

As used in this Settlement Agreement, the term "Released Parties" shall include (i) Centene and any past or present parents, subsidiaries, affiliates, insurers, insurance policies, and benefit plans; (ii) each of the past and present officers, directors, agents, employees, equity holders (shareholders, holders of membership interests, etc.), representatives, administrators, fiduciaries, and attorneys of the entities and plans described in this sentence; and (iii) the predecessors, successors, transferees, and assigns of each of the persons and entities described in this sentence.

### b.   Settlement Check Endorsement

All Participating Settlement Class Members who have not already opted into the Action and who negotiate their Settlement Checks shall be deemed to have given their consent in writing to become a party plaintiff and opted into the FLSA collective in this Action in accordance with 29 U.S.C. § 216(b).  The Settlement Notice shall provide that Participating Settlement Class Members thereby consent in writing to become a party plaintiff in this action pursuant to 29 U.S.C. § 216(b).  Settlement Class Members' Settlement Checks shall contain, on the back of the check, the following endorsement:

*CONSENT TO JOIN AND RELEASE OF CLAIMS:*
By negotiating this check, I consent to join the Fair Labor Standards Act claims in the case Del Toro et al. v. Centene Management Company, LLC (E.D. Mo., Case No. 4:19-cv-02635-JAR), and I agree to be bound by the Settlement Agreement and release of claims in that case.

### c.   Additional Release by Named Plaintiff Joshua Chromick

Named Plaintiff Joshua Chromick shall fully, finally, and forever release, settle, compromise, relinquish, and discharge the Released Parties from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, losses, fines, liens, interest, restitution, actions, or causes of action of whatever kind or nature, whether known or unknown, that were alleged in the Action or could have been alleged in the Action arising out of the facts or circumstances alleged in the Second Amended Complaint while he worked for Cenpatico Behavioral Health, LLC as a salaried Care Management Employee through the Settlement Approval Date.  This includes claims for overtime wages under federal, state, and local law; claims for inaccurate wage statements or hiring notices that are predicated on alleged overtime misclassification of him under federal, state, and local law; and claims related to the foregoing for

liquidated, exemplary, or punitive damages, penalties, equitable relief, interest, and attorneys' fees or costs.

5.     **Gross Settlement Fund**

As a settlement and compromise of this Action in exchange for the terms described herein, and subject to the Court's approval, Defendant will pay a maximum total "all in" settlement amount of ▉▉▉▉▉ (the "Gross Settlement Fund"), from which the following payments shall be made: (i) all settlement payments to all Settlement Class Members; (ii) the Named Plaintiffs' and Opt-In Plaintiffs' Service Awards; (iii) all past, present, and future attorneys' fees, costs, expenses, and disbursements incurred by Named Plaintiffs or their counsel in this Action regarding the Settlement Class Members; and (iv) all fees and costs associated with settlement administration, including payment of a mutually-agreed Settlement Administrator to be selected by the Parties.  Defendant shall be separately responsible for payment of the employer's share of applicable payroll taxes on the wage portion of the settlement payments to Settlement Class Members.  Each Settlement Class Member shall be responsible for paying any other taxes due on his or her settlement amount.

6.     **Settlement Administration**

The Parties have selected Rust Consulting as the Settlement Administrator to administer this settlement.  Payment shall be made to the Settlement Administrator from the Gross Settlement Fund.  The Parties are authorized to communicate directly with the Settlement Administrator to expedite the settlement administration process, and counsel for both Parties should be copied on communications to the Settlement Administrator unless they contain sensitive personal or financial information.  The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the settlement.

The Settlement Administrator shall administer the settlement as set forth in this Agreement and shall perform such other tasks as the Parties mutually agree or the Court orders to be performed in the administration of the settlement.  The Settlement Administrator shall: (i) provide reasonable and appropriate administrative, physical, and technical safeguards for any personally identifiable information ("PII") that it receives from Defendant; (ii) not disclose the PII to any third parties, including agents or subcontractors, without Defendant's consent and keep PII confidential; (iii) not disclose or otherwise use the PII other than to carry out its duties as set forth herein; and (iv) promptly provide Defendant with notice if PII is subject to unauthorized access, use, disclosure, modification, or destruction.

7.     **Allocation of Gross Settlement Fund**

The Gross Settlement Fund shall be allocated as follows, subject to Court approval:

a.     **Gross Settlement Fund.**  The amount allocated from the Gross Settlement Fund for payment of the Settlement Class Members' *pro rata* settlement payments ("Settlement Class Fund") shall be the Gross Settlement Fund minus the amounts approved by the Court to be

paid to: (i) Joshua Chromick in exchange for his individual release under Section 4(c), (ii) the Named Plaintiffs and Opt-In Plaintiffs as their Service Awards, (iii) Plaintiffs' Counsel, for attorneys' fees and litigation costs, and (iv) the Settlement Administrator for settlement administration fees and expenses.

   **b.**   **Individual Claims of Joshua Chromick.** A total payment of ▮▮▮▮ to Named Plaintiff Joshua Chromick in exchange for his additional release under Section 4(c).

   **c.**   **Service Awards.** A total payment of ▮▮▮▮ to Named Plaintiffs and Opt-In Plaintiffs for their Service Awards, which shall be allocated as follows: ▮▮▮▮ to each of the 4 Named Plaintiffs and ▮▮▮▮ to each of the 13 Opt-in Plaintiffs. The Service Awards will be paid for Named Plaintiffs' and Opt-In Plaintiffs' time and effort spent conferring with Plaintiffs' Counsel, filing and pursuing the Action, providing declarations, producing documents, participating in the mediation, and resolving the Action on behalf of all Settlement Class Members. The Service Awards shall be subject to Court approval and shall be paid from the Gross Settlement Fund. Defendant agrees not to oppose such application, so long as it is consistent with the provisions of this Agreement. This Agreement is not contingent upon the Court's approval of the requested Service Awards. Any amount requested for a Service Award not approved by the Court shall become part of the Settlement Class Fund.

   **d.**   **Attorneys' Fees and Litigation Costs.**   Plaintiffs' Counsel shall seek a portion of the Gross Settlement Fund as attorneys' fees and reasonably incurred litigation costs, payment of which shall be subject to Court approval. The total fees award shall not exceed 35% of the Gross Settlement Fund ▮▮▮▮▮▮▮▮ and Plaintiffs' Counsel's reasonable litigation costs shall not exceed ▮▮▮▮. Plaintiffs' Counsel reserves the right to appeal any order issued by the Court regarding an award of attorneys' fees and litigation costs if that award falls below the requested amount. Defendant will not oppose Plaintiffs' Counsel's request for Court approval of a fees and litigation costs award from the Gross Settlement Fund in these amounts or in any appeal regarding such approval. This Agreement is not contingent upon the Court's approval of Plaintiffs' fees, costs and expenses, and any amounts that are not approved for fees and litigation costs shall become part of the Settlement Class Fund upon the Effective Date.

   The payment of the fees and litigation costs award to Plaintiffs' Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney, or law firm for attorneys' fees, expenses, or costs in the Action incurred by any attorney on behalf of the Named Plaintiffs, Opt-In Plaintiffs, and the Settlement Class Members, and shall relieve Defendant, the Released Parties, and the Gross Settlement Fund of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses, and/or costs to which any of them may claim to be entitled on behalf of the Named Plaintiffs, the Opt-In Plaintiffs, and the Settlement Class Members. In exchange for such payment, Plaintiffs' Counsel will release and forever discharge any attorneys' lien on the Gross Settlement Fund.

   **e.**   **Settlement Administrator Costs.** The fees and expenses of the Settlement Administrator for the administration of this settlement shall be paid from the Gross Settlement Fund.

   **f.**  **Settlement Class Fund.** Settlement Class Members' payments from the Settlement Class Fund ("Settlement Checks") will be calculated based on the Individual Settlement Allocations provided by Plaintiffs' Counsel prior to execution of this Agreement and attached as Exhibit D, which shall represent the Settlement Class Member's pro rata portion of the Settlement Class Fund.  The Individual Settlement Allocations are based on a formula developed by Plaintiffs' Counsel that takes into account the dates each Settlement Class Member worked as a salaried, exempt Care Management Employee for Centene during the applicable limitations period for each Settlement Class Member; the regular hours, leave hours, and regular earnings for each Settlement Class Member as reflected in the payroll data provided by Defendant; and an extrapolation for workweeks after June 20, 2020.  Plaintiffs' Counsel believes that their calculations are a reasonable and fair compromise of the potential damages alleged by the Settlement Class Members based on the payroll data and employment dates, and Defendant's Counsel has reviewed and approved the calculations for settlement purposes only. Defendant warrants that it provided Plaintiffs' Counsel with complete payroll records for Settlement Class Members for the time they worked as salaried, exempt Care Management Employees for Centene Management Company, LLC, Centene Company of Texas, LP, Centene Company of New York, LLC, New York Quality Healthcare Corporation f/k/a Centene Acquisition Corporation, and/or Envolve NY in Florida, Georgia, Louisiana, New York, Ohio, Texas, and Washington for the applicable limitations period through June 20, 2020 as provided in the parties' Consent Motion to Stay dated May 22, 2020 (Docket No. 61) and their settlement term sheet dated December 9, 2020.

   **g.**  **Taxation.** For income and payroll tax purposes, the Parties agree that fifty percent (50%) of each Settlement Check shall be allocated as wages (which shall be subject to required withholdings and deductions and reported as wage income as required by law), and the remaining fifty percent (50%) of each Settlement Check shall be allocated as liquidated damages (which shall not be subject to required withholdings and deductions and shall be reported as non-wage income as required by law).  The Settlement Administrator shall withhold and timely remit and report to the appropriate taxing authorities the employee's share of any applicable payroll taxes or contributions (e.g., FICA, FUTA, SUTA, Medicare, and Missouri state taxes) from that portion of each negotiated Settlement Check allocated to wages.  Defendant shall pay to the Settlement Administrator, separate and apart from the Gross Settlement Fund, the employer's share of all applicable state and federal payroll taxes on the wage payment portion of the Settlement Checks, as calculated by the Settlement Administrator, and the Settlement Administrator shall be responsible for timely remitting and reporting these amounts to the appropriate state and federal taxing authorities for negotiated Settlement Checks.  The Settlement Administrator shall not withhold any taxes from that portion of each Settlement Check allocated to non-wage income. The Settlement Administrator shall issue to each Participating Settlement Class Member a Form W-2 in the year of payment to report the portion of the Settlement Check allocated to wages, and a Form 1099 to report the portion of the Settlement Check allocated to non-wages if required by the I.R.S. rules.  The Service Awards and Plaintiffs' Counsel's attorneys' fees and costs will also be reported on a Form 1099 and no withholdings shall be taken.  Other than the withholding and reporting requirements herein, Participating Settlement Class Members and Plaintiffs' Counsel shall be solely responsible for the reporting and payment of their share of any federal, state, and/or local income or other taxes on payments received pursuant to this Settlement Agreement.

h.    **No Effect on Benefits.**   To the extent permitted by law, in no event shall any settlement payment to Settlement Class Members create any credit, be considered "compensation" or hours of service, or otherwise affect the calculation of or eligibility for any compensation, bonus, deferred compensation or benefit under any compensation, deferred compensation, pension, retirement, profit sharing, incentive, employee welfare benefit plan, or other benefit plan, nor shall any such payment or award require any contribution under any such plan, or otherwise modify any benefits, contributions or coverage under any other employment compensation or benefit plan or program.

## 8.    <u>Computation of the Individual Settlement Allocations</u>

Each Settlement Class Member shall be allocated his or her Individual Settlement Allocation from the Settlement Class Fund, which shall represent the Settlement Class Member's pro rata portion of the Settlement Class Fund. For settlement purposes only, Plaintiffs' Counsel will calculate the Individual Settlement Payments using the settlement calculation methodology set forth in this Section 8. Defendant does not agree that any assumptions used by Plaintiffs or Plaintiffs' Counsel in conjunction with this settlement calculation methodology represent the actual number of hours worked by any Settlement Class Member, nor does Defendant agree with any legal conclusions such as the appropriate statute of limitations period, the availability of liquidated damages, or calculation of the regular rate, but Defendant consents to Plaintiffs' Counsel's use of the settlement calculation methodology set forth in this Section 8 for settlement purposes only.







9. **Uncashed Checks**

    **a.**    **Check Voiding.** Settlement Class Members will have 180 days after the issuance of the Settlement Checks by the Settlement Administrator to negotiate (i.e., cash or deposit) their checks. If any Settlement Class Member's Settlement Check is not negotiated within that 180-day period, the check will be void ("Void Date"). In such event, the Settlement Class Member (except for Named Plaintiffs and Opt-In Plaintiffs) will not be a Participating Settlement Class Member and will not be bound by the Settlement Approval Order. Any Named Plaintiff or Opt-In Plaintiff whose check was not negotiated will be deemed to have waived irrevocably any right or claim to his or her payment from the Gross Settlement Fund, but the Settlement Agreement and release of claims nevertheless will be binding upon the Named Plaintiffs and Opt-In Plaintiffs as the Parties jointly agree that valid consideration for the same is the offer of monetary consideration by means of the offer of settlement and mailing of settlement checks as well as the payment of their Service Awards.

    **b.**    **Administrator's Accounting.** Within 14 days after the Void Date, the Settlement Administrator shall provide Plaintiffs' Counsel and Defendants' Counsel with an accounting of the proceeds disbursed and the withholding and payment of any applicable payroll taxes from that portion of each Settlement Check allocated to wages. The Settlement Administrator will provide a declaration listing every individual who negotiated their Settlement Check, the amounts, and a copy of all negotiated checks, including the front and back of the checks.

    **c.**    **Return of Uncashed Funds.** Within 30 days after the Void Date, the Settlement Administrator will return all uncashed funds to Defendant, including the employee's share and employer's share of taxes on Settlement Checks that are not negotiated. Prior to returning any uncashed funds, the Settlement Administrator will contact Defendant's Counsel for instructions.

**10.**     **Settlement Approval, Notice, and Distribution Procedures**

The Agreement is contingent on approval of the settlement by the Court.  The settlement will become final and effective only when the Court enters an order granting approval of the settlement ("Settlement Approval Order").  The Parties shall jointly recommend to the Court that it approve the terms of this Agreement by filing a joint Motion with the Court seeking approval of the settlement ("Motion") in accordance with *Lynn's Food Stores, Inc. v. United States, US Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).  The Parties shall undertake their best efforts, including all steps and efforts contemplated by this Agreement, and any other steps or efforts which may become necessary by order of the Court (unless such order modifies the terms of this Agreement) or otherwise, to carry out this Agreement.  As part of this Agreement, the Parties agree to the following procedures for obtaining Court approval of the Agreement, notifying Settlement Class Members, and processing the settlement payments:

       **a.**     **Motion for Settlement Approval**.  The first draft of the joint Motion for approval of the settlement will be prepared by Plaintiffs' Counsel, and it will be provided to Defendant's Counsel at least seven days in advance of the filing date to review and discuss any changes prior to filing.  Plaintiffs' Counsel will be responsible for filing the Motion in compliance with any applicable Court order or rules.  The Motion shall seek a Settlement Approval Order, substantially in the form of **Exhibit A** attached hereto, that: (i) approves the Agreement as fair and reasonable; (ii) incorporates the terms of the Agreement into the Settlement Approval Order; (iii) grants leave to file the Agreement and the terms of the Agreement under seal; (iv) approves the form and content of the proposed Settlement Notice and directs the mailing of the Settlement Notice; (v) directs consummation of the Agreement's terms and provisions, including the funding of the Gross Settlement Fund; (vi) approves the Service Awards, Plaintiffs' Counsel's award of attorneys' fees and costs, and the Settlement Administrator's expenses; (vii) dismisses the Action on the merits and with prejudice and permanently bars all Participating Settlement Class Members from prosecuting against the Released Parties any individual, class, or collective claims that are released by this Agreement; and (viii) retains the Court's jurisdiction to interpret, implement, and enforce the terms of the Agreement. In conjunction with the Motion for approval of the settlement, Defendant's Counsel will file a joint motion requesting to file this Agreement and the Settlement Notice under seal provisionally or to submit the documents for review *in camera* prior to the Court's ruling on the Motion.  The settlement shall not be contingent upon the Court approving the request to file the Agreement under seal.

       **b.**     **Settlement Class Data**.  Within 14 days after this Agreement is fully executed, Defendant will provide to Plaintiffs' Counsel and the Settlement Administrator the Settlement Class Data containing all of the Settlement Class Members' names, Unique ID, last-known mailing address, home phone number (if available), and personal email address (if available). The Settlement Class Data Defendant provides to the Settlement Administrator will also contain all of the Settlement Class Members' Social Security Numbers. The Settlement Administrator will use Social Security Numbers only for tax reporting purposes and for locating Settlement Class Members' addresses when their Settlement Notices or Settlement Checks are returned as undeliverable.

       **c.**     **Settlement Funding**.  Defendant shall fund the Gross Settlement Fund within 14 days after the Effective Date by transferring to a Qualified Settlement Fund established by the Settlement Administrator the Gross Settlement Fund, plus the employer's share of payroll taxes as calculated by the Settlement Administrator.  The Settlement Administrator shall distribute these funds only as directed by Plaintiffs' Counsel and Defendant's Counsel and as allowed under the Court's Settlement Approval Order.  The funding timeline is contingent on the Settlement Administrator providing Defendant with the amounts to be paid (including the employer's share of payroll taxes with a spreadsheet showing the amount for each Individual Settlement Allocation), W-9 form for the Qualified Settlement Fund, and payment wiring instructions within 14 days of the Settlement Approval Date.  If any of these events are delayed, it will delay Defendant's deposit and the Settlement Administrator's payments accordingly.

       **d.**     **Settlement Notice and Payment Distribution.**  Within 14 days after funding of the settlement, the Settlement Administrator will mail the Settlement Notice and distribute the settlement payments.  The Settlement Administrator shall send a copy of the Settlement Notice, attached hereto as **Exhibit B** ("Settlement Notice"), to Settlement Class Members via regular first-class U.S. mail.  The Settlement Administrator shall send the Settlement Checks and Service Awards with the Settlement Notice to the Settlement Class Members.  The Settlement Administrator will also deliver to Plaintiffs' Counsel a wire transfer for their award of attorneys' fees and litigation costs pursuant to the instructions of Plaintiffs' Counsel.

       **e.**     **Updated Contact Information.**  Settlement Class Members should contact the Settlement Administrator to update their mailing addresses.  Plaintiffs' Counsel will forward any updated contact information it receives from Settlement Class Members to the Settlement Administrator.  The Settlement Administrator shall update Settlement Class Member addresses using the National Change of Address database, conduct standard skip tracing to locate missing Settlement Class Members, and use other available resources deemed suitable by the Settlement Administrator.  The Settlement Administrator shall promptly re-mail the Settlement Notice and Settlement Check (after stopping payment on the prior Settlement Check) to any corrected or updated addresses.  To the extent an updated address is located or reported, that updated address shall replace the last known address and be treated as the new last known address for purposes of this Settlement Agreement and for any subsequent mailings required to effectuate the terms of this Settlement Agreement.  The Settlement Administrator will keep Plaintiffs' Counsel and Defendant's Counsel informed of any problems that arise in providing the Settlement Notice and Settlement Checks and/or locating missing Settlement Class Members.

       **f.**     **Reminder Notice.**  The Settlement Administrator shall issue a reminder postcard via U.S. mail and a reminder email, substantially in the form of **Exhibit C** attached hereto, within 60 days prior to the Void Date to all Settlement Class Members who have not yet negotiated their Settlement Checks.

    **11.**    **Timeline of Settlement Events**

       The Parties contemplate the following timeline for settlement events.  These deadlines and milestones may be changed by Court order or agreement of the Parties (with Court permission as

appropriate).  The Parties agree that the Action should remain stayed until the Settlement Approval Date.

| Event | Deadline |
| --- | --- |
| Named Plaintiffs to file Second Amended Complaint | 7 days after Settlement Agreement fully executed |
| Defendant provides Settlement Class Data to Plaintiffs' Counsel and the Settlement Administrator | 14 days after Settlement Agreement fully executed |
| Plaintiffs' Counsel files motion for settlement approval | On or before April 12, 2021 (Provide draft to Defendant at least 7 days in advance) |
| Defendant will send CAFA notice if required | 10 days after Settlement Approval Motion is filed |
| Settlement Administrator calculates payroll taxes and provides final payment amount, instructions, and W-9 to Defendant | 14 days after Settlement Approval Date |
| Settlement Effective Date | See Section IV.2 |
| Defendant deposits settlement amount into Qualified Settlement Fund established by the Settlement Administrator | 14 days after Effective Date |
| Settlement Administrator mails Settlement Notice and distributes settlement payments | 14 days after Settlement Funding |
| Settlement Administrator issues reminder postcard and reminder email | 60 days prior to Void Date |
| Settlement Administrator remits taxes to taxing authorities and sends tax forms | As required by law, but not for uncashed Settlement Checks |
| Settlement Checks become void ("Void Date") | 180 days after issuance |
| Settlement Administrator provides accounting and declaration to Plaintiffs' Counsel and Defendant's Counsel | 14 days after Void Date |
| Settlement Administrator returns uncashed funds to Defendant | 30 days after Void Date (Obtain instructions from Defendant's Counsel) |

## 12.    Communications Regarding Settlement

Unless otherwise required by law, neither Named Plaintiffs nor Plaintiffs' Counsel shall make any public comment, communication to media, any form of advertising or public announcement (including through social media) regarding this Action, the settlement of this Action, or the settlement of the *Rotthoff* lawsuit, except Plaintiffs' Counsel may state that the case has been resolved and may disclose facts that are part of the public record.  The Parties and their respective counsel agree that they will keep all settlement negotiations and communications leading up to the execution of this Agreement strictly confidential.  At no time shall the Parties or their counsel seek to discourage Settlement Class Members from cashing their Settlement Checks or participating in the settlement. Plaintiffs' Counsel confirms that they will not use any

information about the identities or contact information of Settlement Class Members that was provided in the Action other than for purposes of the settlement of this Action.  This Section does not preclude the Parties from making any communications required by the Court to approve the settlement or this Agreement and to administer the settlement proceeds.

### 13.  Nullification of Settlement Agreement

If the Court does not grant approval of the Agreement, the Parties will work together in good faith to address and resolve the concerns raised by the Court.  Failure of the Court to approve the Agreement (after reasonable opportunity for the Parties to cure such problems as may initially prevent the Court from granting such approval) will be grounds for the parties to terminate this Agreement.  A failure of the Court to approve the Agreement shall render the entire Agreement voidable and unenforceable as to all Parties herein at the option of the party adversely affected thereby.  Each party may exercise its option to void this Agreement as provided in this Section by giving notice, in writing, to the other and to the Court within 14 days after the adverse Court order. In the event that a party exercises its option to void this Agreement, or the Settlement Approval Order does not become final for any reason, the Agreement shall become null and void *ab initio* and shall have no force or effect; all negotiations, statements, and proceedings related thereto shall be without prejudice to the rights of any party, all of whom shall be restored to their respective positions in the Action prior to the settlement; the Parties shall retain all rights to challenge all claims and defenses upon all procedural and substantive grounds; and neither this Settlement Agreement nor any ancillary documents, actions, or filings shall be admissible or offered into evidence in the Action or any other action for any purpose.

## V.  ADDITIONAL TERMS

### 1.  Exhibits and Headings

The terms of this Settlement Agreement include the terms set forth in the attached Exhibits, which are incorporated by this reference as though fully set forth herein. Any Exhibits to this Agreement are an integral part of the settlement. The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

### 2.  Amendment or Modification

This Agreement may be amended or modified only by a written instrument signed by the Parties, their authorized representatives, or their successors in interest, and approved by the Court if required.  The failure of any Party to insist upon strict adherence to any term of this Agreement shall not be considered a waiver as to that term or any other term in the Agreement.

### 3.  Entire Agreement

This Agreement and any attached Exhibits constitute the entire agreement among these Parties about the settlement, and no oral or written representations, warranties, or inducements

have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

### 4.    Authorization to Enter Into Settlement Agreement

Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  It is agreed that because the Settlement Class Members are so numerous, it is impossible or impractical to have each Settlement Class Member execute this Agreement.  In their Consent to Join forms filed with the Court, each Opt-In Plaintiff consented to be represented by Named Plaintiffs and Plaintiffs' Counsel and to be bound by any settlement of this Action.  Pursuant to this authority, Named Plaintiffs' and Plaintiffs' Counsel's signatures below are made on behalf of each Opt-In Plaintiff, and this Settlement Agreement shall have the same force and effect as if this Agreement were executed by each Opt-In Plaintiff.  With respect to Settlement Class Members other than the Named Plaintiffs and Opt-In Plaintiffs, the Settlement Notice will advise them that their negotiation of the Settlement Checks shall have the same force and effect as if this Agreement were executed by them.

### 5.    Binding on Successors and Assigns

This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.  Plaintiffs' Counsel and the Named Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including but not limited to any interest in the Action, or any related action.

### 6.    Missouri Law Governs

To the extent not covered by applicable federal law, all terms of this Settlement Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of Missouri.

### 7.    Counterparts and Signatures

This Agreement may be executed in one or more counterparts, and each executed counterpart shall be deemed to be one and the same instrument, and shall have the same force and effect as an original instrument, as if all of the Parties to all of the counterparts had signed the same instrument.  A facsimile or copy of an original signature transmitted to the other party or an electronic signature compliant with the ESIGN Act (i.e., DocuSign) is effective as an original signature.  The Parties agree that for all purposes, a .PDF or facsimile of this Agreement shall have the same legal force and effect as the originals, and no party shall have the duty to furnish an original of this Agreement.

8.      **Jurisdiction of the Court**

The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

9.      **Cooperation in Drafting**

Each of the Parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction made to this Agreement, the same shall not be construed against any of the Parties.

10.     **Invalidity of Any Provision**

Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable.  If the Court should declare any provision of this Agreement invalid, the Parties shall have an opportunity to attempt to negotiate modifications necessary to address the Court's concerns.

11.     **Settlement Disputes**

To the extent that the Parties cannot agree on any additional matters related to the preparation, execution, administration or enforcement of the settlement not specifically covered herein, including any documents provided herein, the Parties agree to utilize the mediator in this matter, Frank Neuner, to resolve the same.  The mediator's determination on any such matters shall be final and binding and not subject to any further review or appeal.  The Parties shall bear their own attorneys' fees and expenses in any matter submitted to the mediator pursuant to this paragraph.

12.     **Enforcement Actions**

The Court shall have continuing jurisdiction over the terms and conditions of this Agreement until all payments and obligations contemplated by the Agreement have been fully carried out.  In the event that one or more of the Parties to this Agreement institutes any legal actions or proceedings to enforce or implement the provisions of this Settlement Agreement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties' reasonable attorneys' fees and costs incurred in connection with any such action or proceeding.

DocuSign Envelope ID: 348BB4E0-31F2-4AEC-8BB6-1355726303FB

DATED: _____, 2021.   On Behalf of the Settlement Class Members:

By: _____

AMANDA DEL TORO
Named Plaintiff

By: _____

DANIEL WERNER
Named Plaintiff

By: _____

JENNIFER McGREGOR-HALSTEAD
Named Plaintiff

By: _____

JOSHUA CHROMICK
Named Plaintiff

By: _____

MAUREEN A. SALAS
Attorney for Plaintiffs and the Settlement Class Members

By: _____

TRAVIS M. HEDGPETH
Attorney for Plaintiffs and the Settlement Class Members

By: _____

JACK SIEGEL
Attorney for Plaintiffs and the Settlement Class Members

Settlement Agreement                                    Page **17** of **18**

DATED: _April 8_ , 2021.

Centene Management Company, LLC

By: _Raymond K. Kleeman_

Its: _RVP, Human Resources_

_Breanne Martell_

**LITTLER MENDELSON, P.C.**
Attorneys for Defendant

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **AMANDA DEL TORO, DANIEL WERNER, JENNIFER MCGREGOR-HALSTEAD, JOSHUA CHROMICK AND ALL OTHERS SIMILARLY SITUATED,** | ) ) ) ) ) ) | **Case No. 4:19-cv-02635-JAR** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| **CENTENE MANAGEMENT COMPANY, LLC,** | ) ) ) | |
| Defendant. | ) ) ) ) | |

**[PROPOSED] ORDER GRANTING JOINT MOTION FOR APPROVAL OF
SETTLEMENT, JOINT MOTION TO FILE SETTLEMENT AGREEMENT UNDER
SEAL, AND DISMISSING LAWSUIT WITH PREJUDICE**

This matter comes before the Court on the parties' Joint Motion for Approval of Settlement and Joint Motion to File Settlement Agreement Under Seal ("Motions"). Having considered the parties' Motions and supporting Memorandum and exhibits, including the parties' Confidential Settlement Agreement, the Court hereby GRANTS the parties' Motions and ORDERS as follows:

1.    The Settlement is a fair and reasonable resolution of a *bona fide* dispute over wages owed under the Fair Labor Standards Act. The Settlement is approved with respect to the Named Plaintiff, Opt-in Plaintiffs, and Participating Settlement Class Members, and is binding on all of them as defined in the Settlement Agreement and this Order. The terms of the Parties' Settlement Agreement are incorporated by reference into this Order.

2.      The Court previously conditionally certified a seven-state FLSA collective pursuant to 29 U.S.C. § 216(b).  The Court approves and adopts the amended definition of the FLSA collective contained in the Settlement Agreement, Section I, for settlement purposes only.

3.      The Service Awards to the Named Plaintiffs and Opt-in Plaintiffs to be paid out of the Gross Settlement Fund are approved.

4.      Plaintiffs' Counsel's request for attorneys' fees in the amount of 35% of the Gross Settlement Fund and litigation expenses in the amount of $7,317.90 to be paid out of the Gross Settlement Fund is granted.

5.      Rust Consulting is appointed Settlement Administrator. The request to pay the fees and costs associated with settlement administration to the Settlement Administrator from the Gross Settlement Fund is granted.

6.      The form, content, and distribution method of the parties' proposed settlement notices are approved.

7.      Counsel for the parties are hereby authorized to utilize all reasonable and mutually agreed procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

8.      The parties shall abide by all terms of the Settlement Agreement and this Order.

9.      This action is dismissed with prejudice, with each party to bear his, her, or its own fees and costs, except as set forth in the Settlement Agreement.

10.     The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of the parties' Settlement Agreement and all orders and judgments entered in connection therewith.

11.    The Court hereby enters Judgment approving the terms of the Settlement Agreement.  This Order shall constitute a final judgment for purposes of Fed. R. Civ. P. 58.

12.    The Clerk is directed to remove all dates from the Court's calendar and close the case.


DATED: _____         _____

                                       THE HONORABLE JOHN A. ROSS
                                       United States District Court Judge

# EXHIBIT B

**NOTICE OF COLLECTIVE ACTION SETTLEMENT**
*Del Toro v. Centene Management Company, LLC,* **Case No. 4:19-cv-2635**

Unique ID XXXX

[Address Block]

You are receiving this notice because a settlement has been approved in a collective action lawsuit filed against Centene Management Company, LLC (referred to as "Defendant"), called *Del Toro v. Centene Management Company, LLC,* Case No. 4:19-cv-02635-JAR. The settlement was approved by the U.S. District Court for the Eastern District of Missouri (the "Court"). The lawsuit alleges that Defendant improperly classified certain employees as exempt, and therefore failed to pay overtime to  these individuals. Centene denies the allegations in the lawsuit, denies it violated the law, and maintains that it properly classified these employees as exempt. This notice explains the lawsuit and the settlement.

The Court has authorized this notice. While the Court authorized this Notice and its contents, the Court has taken no position and has not made any rulings on the merits ofthe claims, and no party has prevailed in this lawsuit.

### 1.  Who is Included in the Settlement?

You are eligible to participate in the settlement because you worked as a salaried Care Management Employee for Centene Management Company, LLC, Centene Company of Texas, LP, Centene Company of New York, LLC, New York Quality Healthcare Corporation f/k/a Centene Acquisition Corporation, and/or Envolve NY (collectively, "Centene") in Florida, Georgia, Louisiana, New York, Ohio, Texas, and Washington through December 9, 2020, and you were classified as overtime exempt.

For purposes of this settlement, the term Care Management Employee refers to individuals who worked in the following job positions: Behavioral Care Coordinator, Behavioral Care Manager, Behavioral Case Manager, Behavioral Health Case Manager, Care Manager I (Social Work), Care Manager II (Social Work), Care Manager HARP, Children Case Manager, Intake Specialist, Long Term Care Nurse Specialist, Program Specialist I (Social Work), Program Specialist II (Social Work), Program Specialist (Medical Management), Utilization Management Clinician, Utilization Management Clinician LPN, Utilization Management Specialist (Behavioral Health), Utilization Manager, Utilization Manager (Specialty Therapy & Rehabilitative Services), Utilization Review Nurse I, and Utilization Review Nurse II.  The term Care Management Employee also refers to the Named Plaintiffs and Opt-in Plaintiffs.

### 2.   What Is this Lawsuit About?

The lawsuit claimed violations of the federal Fair Labor Standards Act, the New York Labor Law, and the Ohio Minimum Fair Wage Standards Act for unpaid overtime wages as a result of Defendant's classification of Settlement Class Members as exempt from overtime pay. Centene denies the allegations in the lawsuit, denies it violated the law, and maintains that it properly classified Settlement Class Members as exempt from overtime pay. You can get more information about the lawsuit and the settlement by inspecting the Court file by contacting theSettlement Administrator (see Section 7 of this Notice) or Plaintiffs' Counsel (see Section 8 of this Notice).

**NOTICE OF COLLECTIVE ACTION SETTLEMENT**
*Del Toro v. Centene Management Company, LLC,* **Case No. 4:19-cv-2635**

### 3.      What Does the Settlement Provide?

Defendant has agreed to pay a maximum total "all in" settlement amount of ▇▇▇▇▇ (the "Gross Settlement Fund"). The settlement is the result of arms-length negotiations between the Named Plaintiffs and Defendant and their respective attorneys, and it was entered with the intention to avoid further disputes and the inconvenience and expense attendant with litigation. The Court has approved the settlement as a fair and reasonable resolution of the Settlement Class Members' claims in the lawsuit.

**A.  Individual Settlement Payments**

Your settlement payment is enclosed with this notice and it has beencalculated based on the number of weeks you worked in an eligible position, the number of regular hours you were paid for working, and your salary. One-half of your settlement payment has been allocated as wages and will  be reported on an IRS Form W-2, with payroll  and income taxes withheld. One-half of your settlement payment has been allocated as liquidated damages and will be reported on an IRS Form 1099 (if required by the I.R.S. rules), with no taxes withheld. You shall be solely responsible for the payment of any local, state, or federal taxes resulting from payments received under the settlement, except Defendant shall be responsible for the payment of the employer's share of applicable payroll taxes on the wage portion of your settlement payment. You should consult a tax preparer if you have any tax-related questions. You will have 180 days to cash your settlement checks.

**B.  Other Payments from the Settlement**

Of the Gross Settlement Fund, Plaintiffs' Counsel will be paid ▇▇▇▇▇ for attorneys' fees and $▇▇▇▇ for reasonably incurred litigation costs. Named Plaintiff Joshua Chromick will be paid ▇▇▇▇ for releasing his additional individual claims. Named Plaintiffs Amanda Del Toro, Daniel Werner, Jennifer McGregor-Halstead, and Joshua Chromick will be paid ▇▇▇▇ each as a service award for their time and effort in the lawsuit. Thirteen Opt-in Plaintiffs will be paid ▇▇▇ each as a service award for their time and effort in the lawsuit. The Settlement Administrator will be paid its fees and costs for administering the settlement.

### 4.      What Are Your Options?

**A.  Participate In the Settlement By Negotiating your Settlement Check**

To participate in the settlement, you should deposit or cash your settlement payment on or before ▇▇▇▇, 2021. If you deposit or cash your settlement payment by ▇▇▇▇, 2021, you will join the settlement as an Opt-in Plaintiff and by doing so, you will release the claims described in Section 5 of this notice.  Negotiating your settlement check is the only way you will receive funds under the Settlement Agreement in this case. For further information, you may request a copy of the Settlement Agreement from Plaintiffs' Counsel.

**B.  Do Not Participate In the Settlement and Preserve Your Rights Against Centene**

If you do not deposit or cash your settlement payment by ▇▇▇▇, 2021, the check will become void and you will not participate in the settlement.  You will not receive any money from this settlement and you will not release any claims you may have against Centene. You should be aware that all claims are subject to a statute of limitations period.

### 5.      What Claims Are Being Released?

Participating Settlement Class Members will fully, finally, and forever release, settle, compromise, relinquish, and discharge the Released Parties from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, losses, fines, liens, interest, restitution, actions, or causes of action of whatever kind or nature, whether known or unknown, that were alleged in the lawsuit or could have been alleged in the lawsuit arising out of the facts or circumstances alleged in the Second Amended Complaint while they worked for Centene Management Company, LLC, Centene Company of Texas, LP, Centene

**NOTICE OF COLLECTIVE ACTION SETTLEMENT**
*Del Toro v. Centene Management Company, LLC,* **Case No. 4:19-cv-2635**

Company of New York, LLC, New York Quality Healthcare Corporation f/k/a Centene Acquisition Corporation, and/or Envolve NY (collectively, "Centene"), as a salaried Care Management Employee through the Settlement Approval Date.  This includes claims for overtime wages under federal, state, and local law; claims for inaccurate wage statements or hiring notices that are predicated on alleged overtime misclassification of Settlement Class Members under federal, state, and local law; and claims related to the foregoing for liquidated, exemplary, or punitive damages, penalties, equitable relief, interest, and attorneys' fees or costs. Settlement Class Members who were employed by New York State Catholic Health Plan, Inc. prior to July 1, 2018 will also release the Released Parties from the same claims prior to July 1, 2018 to the extent those claims are asserted against the Released Parties on a theory of successorship liability.

The term "Released Parties" shall include (i) Centene and any past or present parents, subsidiaries, affiliates, insurers, insurance policies, and benefit plans; (ii) each of the past and present officers, directors, agents, employees, equity holders (shareholders, holders of membership interests, etc.), representatives, administrators, fiduciaries, and attorneys of the entities and plans described in this sentence; and (iii) the predecessors, successors, transferees, and assigns of each of the persons and entities described in this sentence.

## 6.   Does the Law Protect You from Retaliation if You Participate in the Settlement?

Yes. It is illegal for you to be retaliated or discriminated against based on your decision to participate or not participate in the settlement.  Centene will not discriminate or retaliate against you in any way because of your decision to cash your settlement payment.

## 7.   How Do You Update Your Contact Information?

If your address changes before you receive your I.R.S. tax forms, it is your responsibility to inform the Settlement Administrator of your new address. To update your mailing address, contact the Settlement Administrator, INSERT NAME, by phone at xxx-xxx-xxxx, or in writing at _____.

## 8.   Are There More Details Available?

Yes. This notice summarizes the basic terms of the settlement. If you have questions about the settlement or your payment, you may contact Plaintiffs' Counsel at:

| Werman Salas P.C. | The Hedgpeth Law Firm, PC |
|---|---|
| **77 W. Washington Street, Suite 1402** | **3050 Post Oak Blvd, Ste 510** |
| **Chicago, IL 60602** | **Houston, Texas 77056** |
| **(312) 419-1008** | **P: (281) 572-0727** |

**Please do not address any questions about the settlement or lawsuit to the Clerk of the Court, or to the Judge. The Court cannot answer questions about this lawsuit or this notice.**

# EXHIBIT C

**REMINDER NOTICE**

*Del Toro v. Centene Management Company, LLC,* **Case No. 4:19-cv- 2635 (E.D. Mo.)**

A settlement notice and settlement check were mailed to you in [month], 2021, about a settlement reached on behalf of salaried Care Management Employees who worked for Centene Management Company, LLC, Centene Company of Texas, LP, Centene Company of New York, LLC, New York Quality Healthcare Corporation f/k/a Centene Acquisition Corporation, and/or Envolve NY in Florida, Georgia, Louisiana, New York, Ohio, Texas, and Washington through December 9, 2020, and were classified as overtime exempt.

**Our records indicate that you have not yet deposited or cashed your settlement payment check. The deadline to deposit or cash your settlement payment check is _____, 2021.**

If you need a replacement check issued to you, you can request one by contacting the Settlement Administrator toll-free at _____. By cashing or depositing your settlement check, you consent to join the case and agree to release your claims as described in the settlement notice.

# EXHIBIT D

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 1 | 1000 | | | 0.106% | |
| 2 | 1001 | | | 0.091% | |
| 3 | 1002 | | | 0.191% | |
| 4 | 1935 | | | 0.071% | |
| 5 | 1003 | | | 0.043% | |
| 6 | 1004 | | | 0.051% | |
| 7 | 1005 | | | 0.085% | |
| 8 | 1006 | | | 0.026% | |
| 9 | 1007 | | | 0.109% | |
| 10 | 1008 | | | 0.245% | |
| 11 | 1009 | | | 0.038% | |
| 12 | 2125 | | | 0.056% | |
| 13 | 2186 | | | 0.064% | |
| 14 | 3020 | | | 0.069% | |
| 15 | 1010 | | | 0.012% | |
| 16 | 1011 | | | 0.181% | |
| 17 | 2052 | | | 0.054% | |
| 18 | 1019 | | | 0.214% | |
| 19 | 2153 | | | 0.041% | |
| 20 | 1012 | | | 0.187% | |
| 21 | 1020 | | | 0.030% | |
| 22 | 1017 | | | 0.024% | |
| 23 | 1014 | | | 0.020% | |
| 24 | 1015 | | | 0.144% | |
| 25 | 1013 | | | 0.105% | |
| 26 | 1016 | | | 0.201% | |
| 27 | 1018 | | | 0.425% | |
| 28 | 1021 | | | 0.085% | |
| 29 | 1022 | | | 0.214% | |
| 30 | 1023 | | | 0.024% | |
| 31 | 1024 | | | 0.103% | |
| 32 | 1025 | | | 0.021% | |
| 33 | 1026 | | | 0.064% | |
| 34 | 1027 | | | 0.092% | |
| 35 | 2179 | | | 0.042% | |
| 36 | 1030 | | | 0.076% | |
| 37 | 1034 | | | 0.301% | |
| 38 | 1032 | | | 0.159% | |
| 39 | 1028 | | | 0.185% | |
| 40 | 1031 | | | 0.040% | |
| 41 | 1036 | | | 0.056% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 42 | 1029 | | | 0.060% | |
| 43 | 1038 | | | 0.037% | |
| 44 | 1035 | | | 0.216% | |
| 45 | 1037 | | | 0.039% | |
| 46 | 1033 | | | 0.226% | |
| 47 | 1039 | | | 0.107% | |
| 48 | 1040 | | | 0.125% | |
| 49 | 1042 | | | 0.073% | |
| 50 | 1045 | | | 0.032% | |
| 51 | 1043 | | | 0.164% | |
| 52 | 3031 | | | 0.050% | |
| 53 | 1041 | | | 0.046% | |
| 54 | 2222 | | | 0.041% | |
| 55 | 2073 | | | 0.047% | |
| 56 | 1044 | | | 0.007% | |
| 57 | 3023 | | | 0.072% | |
| 58 | 2144 | | | 0.053% | |
| 59 | 1046 | | | 0.243% | |
| 60 | 3025 | | | 0.051% | |
| 61 | 1047 | | | 0.005% | |
| 62 | 1049 | | | 0.001% | |
| 63 | 3034 | | | 0.034% | |
| 64 | 1048 | | | 0.043% | |
| 65 | 1050 | | | 0.092% | |
| 66 | 2028 | | | 0.064% | |
| 67 | 1051 | | | 0.038% | |
| 68 | 1052 | | | 0.108% | |
| 69 | 1054 | | | 0.104% | |
| 70 | 1053 | | | 0.021% | |
| 71 | 1055 | | | 0.032% | |
| 72 | 1056 | | | 0.076% | |
| 73 | 1057 | | | 0.127% | |
| 74 | 1058 | | | 0.053% | |
| 75 | 2092 | | | 0.053% | |
| 76 | 1059 | | | 0.035% | |
| 77 | 2210 | | | 0.057% | |
| 78 | 2205 | | | 0.048% | |
| 79 | 1060 | | | 0.044% | |
| 80 | 1061 | | | 0.026% | |
| 81 | 1062 | | | 0.155% | |
| 82 | 2131 | | | 0.048% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 83 | 1063 | | | 0.070% | |
| 84 | 1064 | | | 0.019% | |
| 85 | 1065 | | | 0.203% | |
| 86 | 3050 | | | 0.019% | |
| 87 | 1066 | | | 0.019% | |
| 88 | 1067 | | | 0.192% | |
| 89 | 1068 | | | 0.118% | |
| 90 | 1069 | | | 0.092% | |
| 91 | 2138 | | | 0.042% | |
| 92 | 1070 | | | 0.157% | |
| 93 | 2145 | | | 0.057% | |
| 94 | 2239 | | | 0.044% | |
| 95 | 1078 | | | 0.093% | |
| 96 | 1071 | | | 0.019% | |
| 97 | 1077 | | | 0.074% | |
| 98 | 1073 | | | 0.059% | |
| 99 | 1075 | | | 0.004% | |
| 100 | 2062 | | | 0.038% | |
| 101 | 1076 | | | 0.034% | |
| 102 | 1072 | | | 0.099% | |
| 103 | 1080 | | | 0.041% | |
| 104 | 1079 | | | 0.078% | |
| 105 | 1074 | | | 0.118% | |
| 106 | 1081 | | | 0.097% | |
| 107 | 1082 | | | 0.014% | |
| 108 | 1083 | | | 0.012% | |
| 109 | 1084 | | | 0.190% | |
| 110 | 1085 | | | 0.156% | |
| 111 | 1086 | | | 0.107% | |
| 112 | 1087 | | | 0.103% | |
| 113 | 1088 | | | 0.091% | |
| 114 | 1089 | | | 0.189% | |
| 115 | 1090 | | | 0.204% | |
| 116 | 1091 | | | 0.095% | |
| 117 | 1092 | | | 0.095% | |
| 118 | 1093 | | | 0.090% | |
| 119 | 1095 | | | 0.238% | |
| 120 | 1096 | | | 0.016% | |
| 121 | 1097 | | | 0.117% | |
| 122 | 1098 | | | 0.093% | |
| 123 | 1099 | | | 0.181% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 124 | 1100 | | | 0.107% | |
| 125 | 1101 | | | 0.117% | |
| 126 | 1102 | | | 0.058% | |
| 127 | 1103 | | | 0.212% | |
| 128 | 1104 | | | 0.005% | |
| 129 | 1105 | | | 0.296% | |
| 130 | 1106 | | | 0.026% | |
| 131 | 1107 | | | 0.115% | |
| 132 | 1108 | | | 0.214% | |
| 133 | 1111 | | | 0.109% | |
| 134 | 1109 | | | 0.198% | |
| 135 | 2122 | | | 0.033% | |
| 136 | 1110 | | | 0.063% | |
| 137 | 1112 | | | 0.113% | |
| 138 | 3040 | | | 0.019% | |
| 139 | 1113 | | | 0.011% | |
| 140 | 1114 | | | 0.139% | |
| 141 | 2106 | | | 0.040% | |
| 142 | 2193 | | | 0.055% | |
| 143 | 1115 | | | 0.038% | |
| 144 | 1116 | | | 0.085% | |
| 145 | 3019 | | | 0.074% | |
| 146 | 1117 | | | 0.043% | |
| 147 | 3046 | | | 0.018% | |
| 148 | 1118 | | | 0.005% | |
| 149 | 1121 | | | 0.022% | |
| 150 | 1122 | | | 0.048% | |
| 151 | 1120 | | | 0.008% | |
| 152 | 1119 | | | 0.032% | |
| 153 | 2224 | | | 0.050% | |
| 154 | 1123 | | | 0.051% | |
| 155 | 1124 | | | 0.031% | |
| 156 | 1125 | | | 0.024% | |
| 157 | 1126 | | | 0.186% | |
| 158 | 1127 | | | 0.052% | |
| 159 | 1128 | | | 0.191% | |
| 160 | 2241 | | | 0.036% | |
| 161 | 1129 | | | 0.278% | |
| 162 | 1130 | | | 0.051% | |
| 163 | 1131 | | | 0.119% | |
| 164 | 1132 | | | 0.018% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 165 | 1133 | | | 0.014% | |
| 166 | 1134 | | | 0.090% | |
| 167 | 1135 | | | 0.243% | |
| 168 | 1136 | | | 0.155% | |
| 169 | 1137 | | | 0.024% | |
| 170 | 1138 | | | 0.098% | |
| 171 | 1139 | | | 0.033% | |
| 172 | 1140 | | | 0.015% | |
| 173 | 1141 | | | 0.163% | |
| 174 | 1142 | | | 0.038% | |
| 175 | 2253 | | | 0.001% | |
| 176 | 1143 | | | 0.284% | |
| 177 | 1144 | | | 0.178% | |
| 178 | 1145 | | | 0.074% | |
| 179 | 1146 | | | 0.163% | |
| 180 | 1147 | | | 0.023% | |
| 181 | 1148 | | | 0.157% | |
| 182 | 3044 | | | 0.019% | |
| 183 | 1150 | | | 0.094% | |
| 184 | 1149 | | | 0.240% | |
| 185 | 1151 | | | 0.117% | |
| 186 | 2246 | | | 0.036% | |
| 187 | 1154 | | | 0.100% | |
| 188 | 1155 | | | 0.040% | |
| 189 | 1152 | | | 0.170% | |
| 190 | 2078 | | | 0.012% | |
| 191 | 1153 | | | 0.139% | |
| 192 | 1156 | | | 0.004% | |
| 193 | 1157 | | | 0.045% | |
| 194 | 1158 | | | 0.025% | |
| 195 | 1159 | | | 0.029% | 1 |
| 196 | 2178 | | | 0.042% | |
| 197 | 1160 | | | 0.067% | |
| 198 | 2038 | | | 0.053% | |
| 199 | 1161 | | | 0.137% | |
| 200 | 1162 | | | 0.212% | |
| 201 | 1163 | | | 0.026% | |
| 202 | 1164 | | | 0.013% | |
| 203 | 1165 | | | 0.024% | |
| 204 | 1166 | | | 0.002% | |
| 205 | 1167 | | | 0.142% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 206 | 1168 | | | 0.204% | |
| 207 | 2134 | | | 0.060% | |
| 208 | 1171 | | | 0.106% | |
| 209 | 1169 | | | 0.050% | |
| 210 | 1170 | | | 0.066% | |
| 211 | 1172 | | | 0.109% | |
| 212 | 1173 | | | 0.127% | |
| 213 | 3006 | | | 0.110% | |
| 214 | 2015 | | | 0.049% | |
| 215 | 2151 | | | 0.039% | |
| 216 | 1174 | | | 0.108% | |
| 217 | 1175 | | | 0.114% | |
| 218 | 1176 | | | 0.185% | |
| 219 | 1177 | | | 0.024% | |
| 220 | 1178 | | | 0.071% | |
| 221 | 1179 | | | 0.034% | |
| 222 | 2103 | | | 0.047% | |
| 223 | 1180 | | | 0.187% | |
| 224 | 1181 | | | 0.047% | |
| 225 | 1182 | | | 0.117% | |
| 226 | 1183 | | | 0.081% | |
| 227 | 2049 | | | 0.048% | |
| 228 | 2039 | | | 0.007% | |
| 229 | 1184 | | | 0.110% | |
| 230 | 1185 | | | 0.101% | |
| 231 | 1186 | | | 0.012% | |
| 232 | 1187 | | | 0.392% | |
| 233 | 3047 | | | 0.023% | |
| 234 | 2157 | | | 0.046% | |
| 235 | 1188 | | | 0.158% | |
| 236 | 1189 | | | 0.079% | |
| 237 | 1190 | | | 0.114% | |
| 238 | 1191 | | | 0.062% | |
| 239 | 1192 | | | 0.007% | |
| 240 | 1193 | | | 0.011% | |
| 241 | 1195 | | | 0.092% | |
| 242 | 1194 | | | 0.080% | |
| 243 | 2172 | | | 0.051% | |
| 244 | 1196 | | | 0.024% | |
| 245 | 1198 | | | 0.041% | |
| 246 | 1197 | | | 0.089% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 247 | 1199 | | | 0.076% | |
| 248 | 1200 | | | 0.117% | |
| 249 | 1202 | | | 0.017% | |
| 250 | 1201 | | | 0.035% | |
| 251 | 1204 | | | 0.183% | |
| 252 | 3001 | | | 0.249% | |
| 253 | 1203 | | | 0.041% | |
| 254 | 2127 | | | 0.071% | |
| 255 | 1205 | | | 0.371% | |
| 256 | 1206 | | | 0.019% | |
| 257 | 2048 | | | 0.037% | |
| 258 | 1209 | | | 0.053% | |
| 259 | 1208 | | | 0.188% | |
| 260 | 2022 | | | 0.046% | |
| 261 | 1207 | | | 0.050% | |
| 262 | 1211 | | | 0.114% | |
| 263 | 1210 | | | 0.015% | |
| 264 | 2183 | | | 0.025% | |
| 265 | 1212 | | | 0.217% | |
| 266 | 1213 | | | 0.119% | |
| 267 | 2071 | | | 0.046% | |
| 268 | 1214 | | | 0.009% | |
| 269 | 1215 | | | 0.105% | |
| 270 | 2101 | | | 0.048% | |
| 271 | 2162 | | | 0.028% | |
| 272 | 1216 | | | 0.046% | |
| 273 | 2099 | | | 0.036% | |
| 274 | 1217 | | | 0.049% | |
| 275 | 1218 | | | 0.147% | |
| 276 | 1220 | | | 0.044% | |
| 277 | 1222 | | | 0.052% | |
| 278 | 1224 | | | 0.160% | |
| 279 | 1219 | | | 0.039% | |
| 280 | 1221 | | | 0.004% | |
| 281 | 1223 | | | 0.027% | |
| 282 | 2201 | | | 0.051% | |
| 283 | 1225 | | | 0.124% | |
| 284 | 1226 | | | 0.018% | |
| 285 | 1227 | | | 0.101% | |
| 286 | 2086 | | | 0.057% | |
| 287 | 1228 | | | 0.092% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 288 | 1229 | ▮ | ▮ | 0.084% | ▮ ▮ |
| 289 | 1230 | ▮ | ▮ | 0.113% | ▮ ▮ |
| 290 | 1231 | ▮ | ▮ | 0.226% | ▮ ▮ |
| 291 | 1233 | ▮ | ▮ | 0.110% | ▮ ▮ |
| 292 | 1232 | ▮ | ▮ | 0.366% | ▮ ▮ |
| 293 | 2055 | ▮ | ▮ | 0.052% | ▮ ▮ |
| 294 | 1234 | ▮ | ▮ | 0.038% | ▮ ▮ |
| 295 | 1235 | ▮ | ▮ | 0.101% | ▮ ▮ |
| 296 | 2118 | ▮ | ▮ | 0.042% | ▮ ▮ |
| 297 | 1238 | ▮ | ▮ | 0.105% | ▮ ▮ |
| 298 | 1236 | ▮ | ▮ | 0.112% | ▮ ▮ |
| 299 | 1237 | ▮ | ▮ | 0.190% | ▮ ▮ |
| 300 | 1239 | ▮ | ▮ | 0.044% | ▮ ▮ |
| 301 | 1240 | ▮ | ▮ | 0.101% | ▮ ▮ |
| 302 | 1241 | ▮ | ▮ | 0.043% | ▮ ▮ |
| 303 | 2002 | ▮ | ▮ | 0.046% | ▮ ▮ |
| 304 | 1242 | ▮ | ▮ | 0.008% | ▮ ▮ |
| 305 | 1243 | ▮ | ▮ | 0.087% | ▮ ▮ |
| 306 | 1244 | ▮ | ▮ | 0.242% | ▮ ▮ |
| 307 | 3003 | ▮ | ▮ | 0.165% | ▮ ▮ |
| 308 | 1249 | ▮ | ▮ | 0.183% | ▮ ▮ |
| 309 | 1246 | ▮ | ▮ | 0.039% | ▮ ▮ |
| 310 | 1245 | ▮ | ▮ | 0.063% | ▮ ▮ |
| 311 | 1247 | ▮ | ▮ | 0.047% | ▮ ▮ |
| 312 | 2150 | ▮ | ▮ | 0.039% | ▮ ▮ |
| 313 | 1248 | ▮ | ▮ | 0.104% | ▮ ▮ |
| 314 | 1250 | ▮ | ▮ | 0.115% | ▮ ▮ |
| 315 | 2230 | ▮ | ▮ | 0.051% | ▮ ▮ |
| 316 | 1251 | ▮ | ▮ | 0.166% | ▮ ▮ |
| 317 | 1252 | ▮ | ▮ | 0.193% | ▮ ▮ |
| 318 | 2251 | ▮ | ▮ | 0.016% | ▮ ▮ |
| 319 | 1253 | ▮ | ▮ | 0.217% | ▮ ▮ |
| 320 | 1254 | ▮ | ▮ | 0.008% | ▮ ▮ |
| 321 | 2199 | ▮ | ▮ | 0.070% | ▮ ▮ |
| 322 | 1933 | ▮ | ▮ | 0.074% | ▮ ▮ |
| 323 | 1257 | ▮ | ▮ | 0.103% | ▮ ▮ |
| 324 | 1255 | ▮ | ▮ | 0.106% | ▮ ▮ |
| 325 | 1258 | ▮ | ▮ | 0.105% | ▮ ▮ |
| 326 | 2235 | ▮ | ▮ | 0.044% | ▮ ▮ |
| 327 | 1259 | ▮ | ▮ | 0.008% | ▮ ▮ |
| 328 | 1260 | ▮ | ▮ | 0.105% | ▮ ▮ |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 329 | 1261 | | | 0.059% | |
| 330 | 1262 | | | 0.038% | |
| 331 | 2248 | | | 0.047% | |
| 332 | 1263 | | | 0.072% | |
| 333 | 1264 | | | 0.042% | |
| 334 | 3004 | | | 0.055% | |
| 335 | 2014 | | | 0.070% | |
| 336 | 1265 | | | 0.168% | |
| 337 | 2053 | | | 0.014% | |
| 338 | 1267 | | | 0.200% | |
| 339 | 1266 | | | 0.045% | |
| 340 | 3015 | | | 0.088% | |
| 341 | 3014 | | | 0.076% | |
| 342 | 1275 | | | 0.034% | |
| 343 | 2008 | | | 0.050% | |
| 344 | 1268 | | | 0.074% | |
| 345 | 1269 | | | 0.190% | |
| 346 | 1270 | | | 0.128% | |
| 347 | 1273 | | | 0.200% | |
| 348 | 1274 | | | 0.086% | |
| 349 | 1272 | | | 0.035% | |
| 350 | 1271 | | | 0.043% | |
| 351 | 1276 | | | 0.069% | |
| 352 | 1277 | | | 0.212% | |
| 353 | 2243 | | | 0.038% | |
| 354 | 2223 | | | 0.057% | |
| 355 | 1278 | | | 0.205% | |
| 356 | 1279 | | | 0.143% | |
| 357 | 2225 | | | 0.042% | |
| 358 | 1280 | | | 0.229% | |
| 359 | 1281 | | | 0.032% | |
| 360 | 1282 | | | 0.026% | |
| 361 | 1283 | | | 0.024% | |
| 362 | 1284 | | | 0.181% | |
| 363 | 1287 | | | 0.129% | |
| 364 | 1286 | | | 0.038% | |
| 365 | 1285 | | | 0.086% | |
| 366 | 1288 | | | 0.232% | |
| 367 | 1289 | | | 0.074% | |
| 368 | 1291 | | | 0.102% | |
| 369 | 1290 | | | 0.012% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 370 | 2209 | | | 0.043% | |
| 371 | 3049 | | | 0.007% | |
| 372 | 1292 | | | 0.184% | |
| 373 | 1293 | | | 0.071% | |
| 374 | 1294 | | | 0.100% | |
| 375 | 1295 | | | 0.048% | |
| 376 | 1296 | | | 0.119% | |
| 377 | 2033 | | | 0.054% | |
| 378 | 1297 | | | 0.012% | |
| 379 | 2170 | | | 0.049% | |
| 380 | 1298 | | | 0.001% | |
| 381 | 1300 | | | 0.105% | |
| 382 | 1299 | | | 0.002% | |
| 383 | 2142 | | | 0.046% | |
| 384 | 1301 | | | 0.116% | |
| 385 | 1302 | | | 0.137% | |
| 386 | 1303 | | | 0.081% | |
| 387 | 2090 | | | 0.046% | |
| 388 | 2070 | | | 0.003% | |
| 389 | 1304 | | | 0.017% | |
| 390 | 1306 | | | 0.072% | |
| 391 | 1305 | | | 0.083% | |
| 392 | 2185 | | | 0.049% | |
| 393 | 1307 | | | 0.076% | |
| 394 | 1308 | | | 0.037% | |
| 395 | 1309 | | | 0.167% | |
| 396 | 1310 | | | 0.043% | |
| 397 | 2121 | | | 0.064% | |
| 398 | 1311 | | | 0.164% | |
| 399 | 2141 | | | 0.022% | |
| 400 | 1312 | | | 0.036% | |
| 401 | 2043 | | | 0.019% | |
| 402 | 1313 | | | 0.005% | |
| 403 | 1314 | | | 0.076% | |
| 404 | 1315 | | | 0.141% | |
| 405 | 2040 | | | 0.075% | |
| 406 | 1316 | | | 0.127% | |
| 407 | 1317 | | | 0.116% | |
| 408 | 2105 | | | 0.049% | |
| 409 | 1318 | | | 0.219% | |
| 410 | 1319 | | | 0.081% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 411 | 1320 | | | 0.054% | |
| 412 | 1321 | | | 0.101% | |
| 413 | 1322 | | | 0.048% | |
| 414 | 3038 | | | 0.025% | |
| 415 | 1325 | | | 0.085% | |
| 416 | 2139 | | | 0.059% | |
| 417 | 1324 | | | 0.018% | |
| 418 | 1323 | | | 0.046% | |
| 419 | 2027 | | | 0.063% | |
| 420 | 1326 | | | 0.055% | |
| 421 | 1327 | | | 0.048% | |
| 422 | 2152 | | | 0.054% | |
| 423 | 2115 | | | 0.043% | |
| 424 | 1328 | | | 0.060% | |
| 425 | 2075 | | | 0.058% | |
| 426 | 2128 | | | 0.062% | |
| 427 | 1329 | | | 0.027% | |
| 428 | 1330 | | | 0.093% | |
| 429 | 2234 | | | 0.029% | |
| 430 | 1331 | | | 0.110% | |
| 431 | 1332 | | | 0.105% | |
| 432 | 2089 | | | 0.055% | |
| 433 | 1333 | | | 0.015% | |
| 434 | 2044 | | | 0.057% | |
| 435 | 2017 | | | 0.054% | |
| 436 | 2216 | | | 0.059% | |
| 437 | 1334 | | | 0.092% | |
| 438 | 1335 | | | 0.127% | |
| 439 | 1336 | | | 0.077% | |
| 440 | 1338 | | | 0.080% | |
| 441 | 2192 | | | 0.060% | |
| 442 | 2240 | | | 0.049% | |
| 443 | 2077 | | | 0.041% | |
| 444 | 1337 | | | 0.042% | |
| 445 | 1339 | | | 0.161% | |
| 446 | 1340 | | | 0.186% | |
| 447 | 1341 | | | 0.047% | |
| 448 | 1343 | | | 0.054% | |
| 449 | 1342 | | | 0.235% | |
| 450 | 1344 | | | 0.217% | |
| 451 | 1345 | | | 0.103% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 452 | 3028 | | | 0.051% | |
| 453 | 1347 | | | 0.011% | |
| 454 | 1346 | | | 0.032% | |
| 455 | 1348 | | | 0.101% | |
| 456 | 1349 | | | 0.047% | |
| 457 | 3026 | | | 0.057% | |
| 458 | 2237 | | | 0.048% | |
| 459 | 1350 | | | 0.066% | |
| 460 | 1351 | | | 0.176% | |
| 461 | 1352 | | | 0.189% | |
| 462 | 1353 | | | 0.303% | |
| 463 | 1354 | | | 0.080% | |
| 464 | 1355 | | | 0.007% | |
| 465 | 1356 | | | 0.024% | |
| 466 | 1357 | | | 0.218% | |
| 467 | 1358 | | | 0.031% | |
| 468 | 3011 | | | 0.012% | |
| 469 | 2250 | | | 0.032% | |
| 470 | 1359 | | | 0.045% | |
| 471 | 2197 | | | 0.042% | |
| 472 | 3009 | | | 0.086% | |
| 473 | 2148 | | | 0.049% | |
| 474 | 2132 | | | 0.012% | |
| 475 | 1367 | | | 0.094% | |
| 476 | 1361 | | | 0.007% | |
| 477 | 2042 | | | 0.059% | |
| 478 | 3037 | | | 0.034% | |
| 479 | 1370 | | | 0.001% | |
| 480 | 1364 | | | 0.126% | |
| 481 | 1365 | | | 0.016% | |
| 482 | 1368 | | | 0.016% | |
| 483 | 1371 | | | 0.042% | |
| 484 | 2203 | | | 0.050% | |
| 485 | 1372 | | | 0.005% | |
| 486 | 1362 | | | 0.036% | |
| 487 | 1369 | | | 0.090% | |
| 488 | 1360 | | | 0.093% | |
| 489 | 3005 | | | 0.048% | |
| 490 | 1373 | | | 0.077% | |
| 491 | 1374 | | | 0.002% | |
| 492 | 2156 | | | 0.048% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 493 | 2094 | | | 0.040% | |
| 494 | 1366 | | | 0.021% | |
| 495 | 2095 | | | 0.052% | |
| 496 | 1363 | | | 0.044% | |
| 497 | 1375 | | | 0.036% | |
| 498 | 2030 | | | 0.042% | |
| 499 | 1376 | | | 0.109% | |
| 500 | 1377 | | | 0.030% | |
| 501 | 1378 | | | 0.112% | |
| 502 | 1379 | | | 0.055% | |
| 503 | 1380 | | | 0.091% | |
| 504 | 1390 | | | 0.064% | |
| 505 | 1382 | | | 0.045% | |
| 506 | 1385 | | | 0.217% | |
| 507 | 1389 | | | 0.282% | |
| 508 | 1386 | | | 0.132% | |
| 509 | 1387 | | | 0.213% | |
| 510 | 1388 | | | 0.108% | |
| 511 | 1381 | | | 0.010% | |
| 512 | 1392 | | | 0.003% | |
| 513 | 2120 | | | 0.043% | |
| 514 | 1383 | | | 0.092% | |
| 515 | 2135 | | | 0.047% | |
| 516 | 1391 | | | 0.047% | |
| 517 | 1384 | | | 0.210% | |
| 518 | 1393 | | | 0.054% | |
| 519 | 2171 | | | 0.061% | |
| 520 | 1394 | | | 0.058% | |
| 521 | 1395 | | | 0.027% | |
| 522 | 1396 | | | 0.077% | |
| 523 | 1397 | | | 0.103% | |
| 524 | 1398 | | | 0.196% | |
| 525 | 1399 | | | 0.042% | |
| 526 | 3033 | | | 0.038% | |
| 527 | 1400 | | | 0.144% | |
| 528 | 2168 | | | 0.059% | |
| 529 | 1401 | | | 0.127% | |
| 530 | 1403 | | | 0.053% | |
| 531 | 1402 | | | 0.092% | |
| 532 | 1404 | | | 0.117% | |
| 533 | 1405 | | | 0.120% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 534 | 1406 | | | 0.021% | |
| 535 | 1408 | | | 0.045% | |
| 536 | 1407 | | | 0.048% | |
| 537 | 1409 | | | 0.165% | |
| 538 | 1410 | | | 0.137% | |
| 539 | 1411 | | | 0.100% | |
| 540 | 1412 | | | 0.118% | |
| 541 | 1413 | | | 0.163% | |
| 542 | 2010 | | | 0.049% | |
| 543 | 1414 | | | 0.139% | |
| 544 | 1415 | | | 0.190% | |
| 545 | 1416 | | | 0.031% | |
| 546 | 1417 | | | 0.040% | |
| 547 | 1418 | | | 0.102% | |
| 548 | 1419 | | | 0.048% | |
| 549 | 1420 | | | 0.159% | |
| 550 | 1421 | | | 0.070% | |
| 551 | 1422 | | | 0.180% | |
| 552 | 3039 | | | 0.027% | |
| 553 | 2214 | | | 0.052% | |
| 554 | 1423 | | | 0.180% | |
| 555 | 2231 | | | 0.050% | |
| 556 | 2056 | | | 0.063% | |
| 557 | 1424 | | | 0.100% | |
| 558 | 1428 | | | 0.100% | |
| 559 | 1426 | | | 0.103% | |
| 560 | 1429 | | | 0.011% | |
| 561 | 1427 | | | 0.002% | |
| 562 | 1425 | | | 0.050% | |
| 563 | 2046 | | | 0.031% | |
| 564 | 1430 | | | 0.023% | |
| 565 | 1431 | | | 0.106% | |
| 566 | 2176 | | | 0.049% | |
| 567 | 1432 | | | 0.102% | |
| 568 | 1433 | | | 0.017% | |
| 569 | 1434 | | | 0.179% | |
| 570 | 1435 | | | 0.121% | |
| 571 | 1436 | | | 0.120% | |
| 572 | 1437 | | | 0.144% | |
| 573 | 2041 | | | 0.050% | |
| 574 | 2080 | | | 0.053% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 575 | 1438 | | | 0.008% | |
| 576 | 2204 | | | 0.073% | |
| 577 | 2244 | | | 0.053% | |
| 578 | 1439 | | | 0.013% | |
| 579 | 1440 | | | 0.096% | |
| 580 | 2247 | | | 0.025% | |
| 581 | 2221 | | | 0.050% | |
| 582 | 1441 | | | 0.069% | |
| 583 | 1442 | | | 0.004% | |
| 584 | 1443 | | | 0.057% | |
| 585 | 2074 | | | 0.047% | |
| 586 | 1444 | | | 0.064% | |
| 587 | 1445 | | | 0.060% | |
| 588 | 2191 | | | 0.048% | |
| 589 | 1446 | | | 0.012% | |
| 590 | 1448 | | | 0.092% | |
| 591 | 2079 | | | 0.005% | |
| 592 | 2167 | | | 0.028% | |
| 593 | 1447 | | | 0.044% | |
| 594 | 1449 | | | 0.005% | |
| 595 | 3027 | | | 0.065% | |
| 596 | 1450 | | | 0.033% | |
| 597 | 1454 | | | 0.007% | |
| 598 | 1452 | | | 0.011% | |
| 599 | 2012 | | | 0.055% | |
| 600 | 1453 | | | 0.059% | |
| 601 | 2000 | | | 0.059% | |
| 602 | 2175 | | | 0.044% | |
| 603 | 1451 | | | 0.059% | |
| 604 | 1455 | | | 0.250% | |
| 605 | 1456 | | | 0.203% | |
| 606 | 1461 | | | 0.074% | |
| 607 | 1457 | | | 0.060% | |
| 608 | 1458 | | | 0.007% | |
| 609 | 1460 | | | 0.050% | |
| 610 | 1459 | | | 0.441% | |
| 611 | 1462 | | | 0.022% | |
| 612 | 1463 | | | 0.053% | |
| 613 | 1464 | | | 0.101% | |
| 614 | 1465 | | | 0.021% | |
| 615 | 1466 | | | 0.103% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 616 | 1467 | | | 0.039% | |
| 617 | 1468 | | | 0.258% | |
| 618 | 1469 | | | 0.003% | |
| 619 | 1470 | | | 0.166% | |
| 620 | 1471 | | | 0.155% | |
| 621 | 1472 | | | 0.130% | |
| 622 | 1473 | | | 0.101% | |
| 623 | 1474 | | | 0.131% | |
| 624 | 3042 | | | 0.020% | |
| 625 | 1475 | | | 0.199% | |
| 626 | 1482 | | | 0.012% | |
| 627 | 1480 | | | 0.400% | |
| 628 | 1479 | | | 0.049% | |
| 629 | 2114 | | | 0.043% | |
| 630 | 1481 | | | 0.045% | |
| 631 | 2058 | | | 0.038% | |
| 632 | 1478 | | | 0.094% | |
| 633 | 1477 | | | 0.094% | |
| 634 | 1476 | | | 0.040% | |
| 635 | 1483 | | | 0.038% | |
| 636 | 1484 | | | 0.060% | |
| 637 | 1485 | | | 0.036% | |
| 638 | 1486 | | | 0.086% | |
| 639 | 1487 | | | 0.092% | |
| 640 | 2119 | | | 0.039% | |
| 641 | 1488 | | | 0.109% | |
| 642 | 1489 | | | 0.396% | |
| 643 | 1490 | | | 0.065% | |
| 644 | 1491 | | | 0.056% | |
| 645 | 1492 | | | 0.053% | |
| 646 | 2181 | | | 0.010% | |
| 647 | 1493 | | | 0.010% | |
| 648 | 1496 | | | 0.031% | |
| 649 | 1498 | | | 0.047% | |
| 650 | 1497 | | | 0.126% | |
| 651 | 1499 | | | 0.048% | |
| 652 | 1494 | | | 0.095% | |
| 653 | 1495 | | | 0.013% | |
| 654 | 1500 | | | 0.038% | |
| 655 | 2187 | | | 0.041% | |
| 656 | 1501 | | | 0.114% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 657 | 2136 | | | 0.051% | |
| 658 | 1502 | | | 0.018% | |
| 659 | 1503 | | | 0.061% | |
| 660 | 1504 | | | 0.249% | |
| 661 | 1505 | | | 0.022% | |
| 662 | 2174 | | | 0.045% | |
| 663 | 1506 | | | 0.103% | |
| 664 | 2165 | | | 0.061% | |
| 665 | 1508 | | | 0.094% | |
| 666 | 1509 | | | 0.199% | |
| 667 | 1507 | | | 0.066% | |
| 668 | 2082 | | | 0.045% | |
| 669 | 1510 | | | 0.076% | |
| 670 | 1511 | | | 0.052% | |
| 671 | 2104 | | | 0.035% | |
| 672 | 2233 | | | 0.053% | |
| 673 | 2066 | | | 0.037% | |
| 674 | 1512 | | | 0.075% | |
| 675 | 1930 | | | 0.096% | |
| 676 | 1513 | | | 0.134% | |
| 677 | 1514 | | | 0.034% | |
| 678 | 1515 | | | 0.090% | |
| 679 | 1516 | | | 0.102% | |
| 680 | 1517 | | | 0.206% | |
| 681 | 1518 | | | 0.262% | |
| 682 | 1519 | | | 0.217% | |
| 683 | 1520 | | | 0.014% | |
| 684 | 1521 | | | 0.012% | |
| 685 | 2034 | | | 0.051% | |
| 686 | 2065 | | | 0.045% | |
| 687 | 1522 | | | 0.098% | |
| 688 | 2098 | | | 0.023% | |
| 689 | 1523 | | | 0.069% | |
| 690 | 1524 | | | 0.104% | |
| 691 | 1529 | | | 0.049% | |
| 692 | 1528 | | | 0.044% | |
| 693 | 1527 | | | 0.085% | |
| 694 | 1526 | | | 0.120% | |
| 695 | 1530 | | | 0.360% | |
| 696 | 2188 | | | 0.045% | |
| 697 | 1525 | | | 0.088% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 698 | 2211 | | | 0.068% | |
| 699 | 1531 | | | 0.170% | |
| 700 | 1532 | | | 0.171% | |
| 701 | 1533 | | | 0.004% | |
| 702 | 1534 | | | 0.074% | |
| 703 | 2083 | | | 0.047% | |
| 704 | 1535 | | | 0.095% | |
| 705 | 1536 | | | 0.026% | |
| 706 | 2189 | | | 0.022% | |
| 707 | 1537 | | | 0.090% | |
| 708 | 1538 | | | 0.054% | |
| 709 | 2208 | | | 0.025% | |
| 710 | 1539 | | | 0.119% | |
| 711 | 1540 | | | 0.146% | |
| 712 | 1541 | | | 0.166% | |
| 713 | 1542 | | | 0.104% | |
| 714 | 2194 | | | 0.053% | |
| 715 | 1543 | | | 0.185% | |
| 716 | 2140 | | | 0.022% | |
| 717 | 2005 | | | 0.039% | |
| 718 | 1544 | | | 0.103% | |
| 719 | 1545 | | | 0.028% | |
| 720 | 1546 | | | 0.124% | |
| 721 | 1548 | | | 0.058% | |
| 722 | 1547 | | | 0.017% | |
| 723 | 1549 | | | 0.043% | |
| 724 | 1551 | | | 0.044% | |
| 725 | 1552 | | | 0.007% | |
| 726 | 1550 | | | 0.102% | |
| 727 | 2147 | | | 0.028% | |
| 728 | 1560 | | | 0.057% | |
| 729 | 1556 | | | 0.037% | |
| 730 | 1557 | | | 0.061% | |
| 731 | 1554 | | | 0.004% | |
| 732 | 1558 | | | 0.156% | |
| 733 | 1559 | | | 0.005% | |
| 734 | 1553 | | | 0.100% | |
| 735 | 1555 | | | 0.184% | |
| 736 | 3013 | | | 0.088% | |
| 737 | 2173 | | | 0.049% | |
| 738 | 1561 | | | 0.107% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 739 | 1562 | | | 0.036% | |
| 740 | 1565 | | | 0.015% | |
| 741 | 1564 | | | 0.238% | |
| 742 | 1566 | | | 0.254% | |
| 743 | 1563 | | | 0.174% | |
| 744 | 1567 | | | 0.069% | |
| 745 | 1568 | | | 0.040% | |
| 746 | 2001 | | | 0.043% | |
| 747 | 1569 | | | 0.200% | |
| 748 | 1570 | | | 0.049% | |
| 749 | 1571 | | | 0.406% | |
| 750 | 2117 | | | 0.026% | |
| 751 | 2003 | | | 0.053% | |
| 752 | 1572 | | | 0.202% | |
| 753 | 2155 | | | 0.051% | |
| 754 | 1573 | | | 0.070% | |
| 755 | 1574 | | | 0.121% | |
| 756 | 1575 | | | 0.055% | |
| 757 | 1576 | | | 0.077% | |
| 758 | 1577 | | | 0.207% | |
| 759 | 1578 | | | 0.011% | |
| 760 | 1579 | | | 0.014% | |
| 761 | 1580 | | | 0.106% | |
| 762 | 1581 | | | 0.115% | |
| 763 | 1582 | | | 0.058% | |
| 764 | 2100 | | | 0.045% | |
| 765 | 2116 | | | 0.024% | |
| 766 | 1583 | | | 0.081% | |
| 767 | 1585 | | | 0.121% | |
| 768 | 1588 | | | 0.071% | |
| 769 | 1589 | | | 0.020% | |
| 770 | 1584 | | | 0.050% | |
| 771 | 1586 | | | 0.048% | |
| 772 | 2217 | | | 0.018% | |
| 773 | 1587 | | | 0.107% | |
| 774 | 1590 | | | 0.136% | |
| 775 | 1591 | | | 0.002% | |
| 776 | 1932 | | | 0.272% | |
| 777 | 1593 | | | 0.235% | |
| 778 | 1592 | | | 0.082% | |
| 779 | 1594 | | | 0.023% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 780 | 1595 | | | 0.155% | |
| 781 | 1596 | | | 0.131% | |
| 782 | 1597 | | | 0.088% | |
| 783 | 1598 | | | 0.088% | |
| 784 | 1934 | | | 0.080% | |
| 785 | 1601 | | | 0.015% | |
| 786 | 1600 | | | 0.034% | |
| 787 | 1599 | | | 0.410% | |
| 788 | 2236 | | | 0.048% | |
| 789 | 2133 | | | 0.043% | |
| 790 | 1602 | | | 0.228% | |
| 791 | 1603 | | | 0.107% | |
| 792 | 1605 | | | 0.081% | |
| 793 | 1604 | | | 0.282% | |
| 794 | 1606 | | | 0.040% | |
| 795 | 1607 | | | 0.123% | |
| 796 | 1608 | | | 0.007% | |
| 797 | 1609 | | | 0.047% | |
| 798 | 2088 | | | 0.055% | |
| 799 | 1610 | | | 0.087% | |
| 800 | 1611 | | | 0.109% | |
| 801 | 3016 | | | 0.070% | |
| 802 | 1612 | | | 0.141% | |
| 803 | 1613 | | | 0.045% | |
| 804 | 1614 | | | 0.112% | |
| 805 | 1615 | | | 0.124% | |
| 806 | 1616 | | | 0.166% | |
| 807 | 1617 | | | 0.069% | |
| 808 | 1618 | | | 0.026% | |
| 809 | 1621 | | | 0.263% | |
| 810 | 1620 | | | 0.007% | |
| 811 | 1619 | | | 0.085% | |
| 812 | 1622 | | | 0.038% | |
| 813 | 2064 | | | 0.042% | |
| 814 | 2097 | | | 0.050% | |
| 815 | 1623 | | | 0.037% | |
| 816 | 3022 | | | 0.067% | |
| 817 | 2196 | | | 0.052% | |
| 818 | 1629 | | | 0.053% | |
| 819 | 1624 | | | 0.017% | |
| 820 | 2025 | | | 0.057% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 821 | 1626 | | | 0.007% | |
| 822 | 1627 | | | 0.163% | |
| 823 | 1625 | | | 0.052% | |
| 824 | 1628 | | | 0.047% | |
| 825 | 3043 | | | 0.026% | |
| 826 | 1630 | | | 0.029% | |
| 827 | 1631 | | | 0.050% | |
| 828 | 1642 | | | 0.069% | |
| 829 | 1640 | | | 0.007% | |
| 830 | 1639 | | | 0.034% | |
| 831 | 1633 | | | 0.035% | |
| 832 | 1634 | | | 0.042% | |
| 833 | 1632 | | | 0.064% | |
| 834 | 1636 | | | 0.062% | |
| 835 | 1637 | | | 0.164% | |
| 836 | 1641 | | | 0.139% | |
| 837 | 1635 | | | 0.097% | |
| 838 | 1643 | | | 0.077% | |
| 839 | 1638 | | | 0.176% | |
| 840 | 1644 | | | 0.106% | |
| 841 | 1645 | | | 0.065% | |
| 842 | 2215 | | | 0.042% | |
| 843 | 2007 | | | 0.043% | |
| 844 | 2169 | | | 0.047% | |
| 845 | 1646 | | | 0.021% | |
| 846 | 3008 | | | 0.049% | |
| 847 | 2050 | | | 0.025% | |
| 848 | 1647 | | | 0.080% | |
| 849 | 2164 | | | 0.038% | |
| 850 | 1648 | | | 0.290% | |
| 851 | 1649 | | | 0.056% | |
| 852 | 1650 | | | 0.027% | |
| 853 | 1651 | | | 0.026% | |
| 854 | 1652 | | | 0.055% | |
| 855 | 1653 | | | 0.115% | |
| 856 | 1654 | | | 0.166% | |
| 857 | 1655 | | | 0.041% | |
| 858 | 1656 | | | 0.027% | |
| 859 | 1657 | | | 0.138% | |
| 860 | 1658 | | | 0.023% | |
| 861 | 1659 | | | 0.139% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 862 | 1660 | | | 0.201% | |
| 863 | 1661 | | | 0.105% | |
| 864 | 2207 | | | 0.036% | |
| 865 | 1663 | | | 0.027% | |
| 866 | 1662 | | | 0.162% | |
| 867 | 2107 | | | 0.019% | |
| 868 | 1664 | | | 0.052% | |
| 869 | 2232 | | | 0.030% | |
| 870 | 1665 | | | 0.055% | |
| 871 | 1666 | | | 0.099% | |
| 872 | 1667 | | | 0.030% | |
| 873 | 2163 | | | 0.041% | |
| 874 | 1668 | | | 0.099% | |
| 875 | 1669 | | | 0.146% | |
| 876 | 1670 | | | 0.243% | |
| 877 | 1671 | | | 0.142% | |
| 878 | 2076 | | | 0.048% | |
| 879 | 1676 | | | 0.073% | |
| 880 | 1678 | | | 0.169% | |
| 881 | 1675 | | | 0.025% | |
| 882 | 1672 | | | 0.010% | |
| 883 | 3017 | | | 0.069% | |
| 884 | 1677 | | | 0.031% | |
| 885 | 1674 | | | 0.148% | |
| 886 | 3045 | | | 0.026% | |
| 887 | 3007 | | | 0.077% | |
| 888 | 1679 | | | 0.036% | |
| 889 | 1673 | | | 0.182% | |
| 890 | 2087 | | | 0.072% | |
| 891 | 1680 | | | 0.004% | |
| 892 | 1681 | | | 0.035% | |
| 893 | 2158 | | | 0.063% | |
| 894 | 1682 | | | 0.006% | |
| 895 | 1683 | | | 0.019% | |
| 896 | 2195 | | | 0.048% | |
| 897 | 1684 | | | 0.103% | |
| 898 | 2110 | | | 0.047% | |
| 899 | 1685 | | | 0.108% | |
| 900 | 1686 | | | 0.104% | |
| 901 | 1687 | | | 0.053% | |
| 902 | 1688 | | | 0.043% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 903 | 2020 | | | 0.054% | |
| 904 | 2085 | | | 0.057% | |
| 905 | 2067 | | | 0.058% | |
| 906 | 1689 | | | 0.046% | |
| 907 | 2021 | | | 0.062% | |
| 908 | 2111 | | | 0.046% | |
| 909 | 1690 | | | 0.146% | |
| 910 | 1691 | | | 0.104% | |
| 911 | 1692 | | | 0.051% | |
| 912 | 1693 | | | 0.186% | |
| 913 | 3029 | | | 0.012% | |
| 914 | 1695 | | | 0.086% | |
| 915 | 1694 | | | 0.015% | |
| 916 | 1696 | | | 0.106% | |
| 917 | 1697 | | | 0.086% | |
| 918 | 1698 | | | 0.140% | |
| 919 | 2130 | | | 0.033% | |
| 920 | 1699 | | | 0.229% | |
| 921 | 2081 | | | 0.010% | |
| 922 | 2045 | | | 0.028% | |
| 923 | 2031 | | | 0.071% | |
| 924 | 1700 | | | 0.191% | |
| 925 | 1701 | | | 0.025% | |
| 926 | 1702 | | | 0.112% | |
| 927 | 2108 | | | 0.052% | |
| 928 | 3010 | | | 0.102% | |
| 929 | 2124 | | | 0.058% | |
| 930 | 1703 | | | 0.117% | |
| 931 | 1704 | | | 0.105% | |
| 932 | 1705 | | | 0.106% | |
| 933 | 1706 | | | 0.012% | |
| 934 | 1707 | | | 0.080% | |
| 935 | 1708 | | | 0.124% | |
| 936 | 1711 | | | 0.102% | |
| 937 | 1710 | | | 0.016% | |
| 938 | 1712 | | | 0.155% | |
| 939 | 3048 | | | 0.016% | |
| 940 | 1709 | | | 0.002% | |
| 941 | 2057 | | | 0.048% | |
| 942 | 1713 | | | 0.156% | |
| 943 | 1714 | | | 0.029% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 944 | 1715 | | | 0.107% | |
| 945 | 2149 | | | 0.013% | |
| 946 | 1716 | | | 0.183% | |
| 947 | 1717 | | | 0.153% | |
| 948 | 1718 | | | 0.140% | |
| 949 | 1719 | | | 0.024% | |
| 950 | 1720 | | | 0.007% | |
| 951 | 3018 | | | 0.062% | |
| 952 | 1722 | | | 0.184% | |
| 953 | 1723 | | | 0.104% | |
| 954 | 2226 | | | 0.039% | |
| 955 | 1725 | | | 0.111% | |
| 956 | 1724 | | | 0.064% | |
| 957 | 1721 | | | 0.044% | |
| 958 | 1726 | | | 0.053% | |
| 959 | 2249 | | | 0.029% | |
| 960 | 1727 | | | 0.011% | |
| 961 | 1728 | | | 0.052% | |
| 962 | 1729 | | | 0.088% | |
| 963 | 1730 | | | 0.043% | |
| 964 | 1731 | | | 0.061% | |
| 965 | 2200 | | | 0.052% | |
| 966 | 1732 | | | 0.021% | |
| 967 | 1733 | | | 0.068% | |
| 968 | 1734 | | | 0.005% | |
| 969 | 1735 | | | 0.043% | |
| 970 | 1736 | | | 0.001% | |
| 971 | 3021 | | | 0.078% | |
| 972 | 3032 | | | 0.045% | |
| 973 | 1737 | | | 0.112% | |
| 974 | 2035 | | | 0.057% | |
| 975 | 1738 | | | 0.112% | |
| 976 | 1739 | | | 0.023% | |
| 977 | 1740 | | | 0.032% | |
| 978 | 1741 | | | 0.032% | |
| 979 | 1742 | | | 0.090% | |
| 980 | 1743 | | | 0.085% | |
| 981 | 1744 | | | 0.144% | |
| 982 | 1745 | | | 0.089% | |
| 983 | 1746 | | | 0.101% | |
| 984 | 1747 | | | 0.165% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 985 | 1748 | | | 0.056% | |
| 986 | 1749 | | | 0.204% | |
| 987 | 1750 | | | 0.100% | |
| 988 | 1752 | | | 0.108% | |
| 989 | 1751 | | | 0.063% | |
| 990 | 1753 | | | 0.109% | |
| 991 | 1754 | | | 0.004% | |
| 992 | 1756 | | | 0.071% | |
| 993 | 1755 | | | 0.005% | |
| 994 | 1757 | | | 0.030% | |
| 995 | 1758 | | | 0.111% | |
| 996 | 2004 | | | 0.050% | |
| 997 | 3000 | | | 0.026% | |
| 998 | 1760 | | | 0.095% | |
| 999 | 1759 | | | 0.282% | |
| 1000 | 2160 | | | 0.058% | |
| 1001 | 2220 | | | 0.041% | |
| 1002 | 2227 | | | 0.049% | |
| 1003 | 1761 | | | 0.018% | |
| 1004 | 1762 | | | 0.115% | |
| 1005 | 2060 | | | 0.002% | |
| 1006 | 2229 | | | 0.042% | |
| 1007 | 1763 | | | 0.134% | |
| 1008 | 1770 | | | 0.175% | |
| 1009 | 1767 | | | 0.045% | |
| 1010 | 2129 | | | 0.021% | |
| 1011 | 1773 | | | 0.064% | |
| 1012 | 1766 | | | 0.100% | |
| 1013 | 1768 | | | 0.005% | |
| 1014 | 1769 | | | 0.176% | |
| 1015 | 1765 | | | 0.098% | |
| 1016 | 1771 | | | 0.192% | |
| 1017 | 1764 | | | 0.097% | |
| 1018 | 1772 | | | 0.134% | |
| 1019 | 1774 | | | 0.088% | |
| 1020 | 2112 | | | 0.016% | |
| 1021 | 1775 | | | 0.107% | |
| 1022 | 1777 | | | 0.318% | |
| 1023 | 1776 | | | 0.207% | |
| 1024 | 1778 | | | 0.053% | |
| 1025 | 2054 | | | 0.039% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 1026 | 1779 | | | 0.024% | |
| 1027 | 1780 | | | 0.071% | |
| 1028 | 2219 | | | 0.040% | |
| 1029 | 1784 | | | 0.008% | |
| 1030 | 1782 | | | 0.072% | |
| 1031 | 2084 | | | 0.044% | |
| 1032 | 1783 | | | 0.131% | |
| 1033 | 1781 | | | 0.013% | |
| 1034 | 1785 | | | 0.006% | |
| 1035 | 1786 | | | 0.040% | |
| 1036 | 1787 | | | 0.087% | |
| 1037 | 1788 | | | 0.044% | |
| 1038 | 2218 | | | 0.057% | |
| 1039 | 1789 | | | 0.031% | |
| 1040 | 1790 | | | 0.010% | |
| 1041 | 1791 | | | 0.170% | |
| 1042 | 2093 | | | 0.051% | |
| 1043 | 1792 | | | 0.005% | |
| 1044 | 2037 | | | 0.034% | |
| 1045 | 1793 | | | 0.057% | |
| 1046 | 1795 | | | 0.269% | |
| 1047 | 2126 | | | 0.063% | |
| 1048 | 1796 | | | 0.091% | |
| 1049 | 2146 | | | 0.049% | |
| 1050 | 1797 | | | 0.020% | |
| 1051 | 1798 | | | 0.159% | |
| 1052 | 1799 | | | 0.112% | |
| 1053 | 1800 | | | 0.097% | |
| 1054 | 1801 | | | 0.079% | |
| 1055 | 1802 | | | 0.098% | |
| 1056 | 1803 | | | 0.089% | |
| 1057 | 2182 | | | 0.049% | |
| 1058 | 2143 | | | 0.051% | |
| 1059 | 2137 | | | 0.051% | |
| 1060 | 1804 | | | 0.121% | |
| 1061 | 1806 | | | 0.049% | |
| 1062 | 1805 | | | 0.011% | |
| 1063 | 1807 | | | 0.134% | |
| 1064 | 1808 | | | 0.057% | |
| 1065 | 1809 | | | 0.149% | |
| 1066 | 2252 | | | 0.022% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 1067 | 1810 | | | 0.022% | |
| 1068 | 1811 | | | 0.044% | |
| 1069 | 1813 | | | 0.017% | |
| 1070 | 1818 | | | 0.062% | |
| 1071 | 1814 | | | 0.096% | |
| 1072 | 2180 | | | 0.031% | |
| 1073 | 3030 | | | 0.049% | |
| 1074 | 1815 | | | 0.072% | |
| 1075 | 1816 | | | 0.200% | |
| 1076 | 1817 | | | 0.100% | |
| 1077 | 1812 | mmo | | 0.035% | |
| 1078 | 3002 | | | 0.037% | |
| 1079 | 1819 | | | 0.106% | |
| 1080 | 1820 | | | 0.109% | |
| 1081 | 1821 | | | 0.207% | |
| 1082 | 2102 | | | 0.040% | |
| 1083 | 2238 | | | 0.051% | |
| 1084 | 1822 | | | 0.041% | |
| 1085 | 1823 | | | 0.201% | |
| 1086 | 1824 | | | 0.023% | |
| 1087 | 1826 | | | 0.088% | |
| 1088 | 1825 | | | 0.171% | |
| 1089 | 1827 | | | 0.065% | |
| 1090 | 1828 | | | 0.034% | |
| 1091 | 1829 | | | 0.088% | |
| 1092 | 1830 | | | 0.128% | |
| 1093 | 1831 | | | 0.184% | |
| 1094 | 1832 | | | 0.062% | |
| 1095 | 1833 | | | 0.022% | |
| 1096 | 1834 | | | 0.002% | |
| 1097 | 1835 | | | 0.006% | |
| 1098 | 1836 | | | 0.012% | |
| 1099 | 1837 | | | 0.059% | |
| 1100 | 1838 | | | 0.111% | |
| 1101 | 1839 | | | 0.030% | |
| 1102 | 2061 | | | 0.052% | |
| 1103 | 1841 | | | 0.198% | |
| 1104 | 1840 | | | 0.188% | |
| 1105 | 1842 | | | 0.092% | |
| 1106 | 1843 | | | 0.043% | |
| 1107 | 1844 | | | 0.115% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 1108 | 1845 | | | 0.029% | |
| 1109 | 1846 | | | 0.055% | |
| 1110 | 1847 | | | 0.101% | |
| 1111 | 1848 | | | 0.167% | |
| 1112 | 2161 | | | 0.042% | |
| 1113 | 1849 | | | 0.052% | |
| 1114 | 1851 | | | 0.067% | |
| 1115 | 1850 | | | 0.078% | |
| 1116 | 2051 | | | 0.045% | |
| 1117 | 2096 | | | 0.009% | |
| 1118 | 1852 | | | 0.007% | |
| 1119 | 1853 | | | 0.011% | |
| 1120 | 1854 | | | 0.063% | |
| 1121 | 1855 | | | 0.200% | |
| 1122 | 3012 | | | 0.070% | |
| 1123 | 1856 | | | 0.013% | |
| 1124 | 2245 | | | 0.046% | |
| 1125 | 2023 | | | 0.054% | |
| 1126 | 1857 | | | 0.162% | |
| 1127 | 1859 | | | 0.058% | |
| 1128 | 1858 | | | 0.258% | |
| 1129 | 1860 | | | 0.112% | |
| 1130 | 1861 | | | 0.193% | |
| 1131 | 2013 | | | 0.047% | |
| 1132 | 1862 | | | 0.149% | |
| 1133 | 1863 | | | 0.115% | |
| 1134 | 2212 | | | 0.035% | |
| 1135 | 1865 | | | 0.085% | |
| 1136 | 1864 | | | 0.127% | |
| 1137 | 1867 | | | 0.181% | |
| 1138 | 2113 | | | 0.062% | |
| 1139 | 1866 | | | 0.032% | |
| 1140 | 1868 | | | 0.007% | |
| 1141 | 1869 | | | 0.179% | |
| 1142 | 1870 | | | 0.113% | |
| 1143 | 1871 | | | 0.050% | |
| 1144 | 1872 | | | 0.076% | |
| 1145 | 1873 | | | 0.005% | |
| 1146 | 3041 | | | 0.030% | |
| 1147 | 2177 | | | 0.034% | |
| 1148 | 1875 | | | 0.096% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 1149 | 1876 | | | 0.101% | |
| 1150 | 1874 | | | 0.047% | |
| 1151 | 1877 | | | 0.128% | |
| 1152 | 1879 | | | 0.073% | |
| 1153 | 2242 | | | 0.055% | |
| 1154 | 1878 | | | 0.138% | |
| 1155 | 1882 | | | 0.034% | |
| 1156 | 1881 | | | 0.076% | |
| 1157 | 2190 | | | 0.042% | |
| 1158 | 1880 | | | 0.117% | |
| 1159 | 1883 | | | 0.081% | |
| 1160 | 2202 | | | 0.059% | |
| 1161 | 1884 | | | 0.029% | |
| 1162 | 2154 | | | 0.035% | |
| 1163 | 1885 | | | 0.173% | |
| 1164 | 1886 | | | 0.050% | |
| 1165 | 2159 | | | 0.057% | |
| 1166 | 1888 | | | 0.058% | |
| 1167 | 1887 | | | 0.035% | |
| 1168 | 1889 | | | 0.006% | |
| 1169 | 1890 | | | 0.063% | |
| 1170 | 1891 | | | 0.090% | |
| 1171 | 2091 | | | 0.048% | |
| 1172 | 1892 | | | 0.078% | |
| 1173 | 1893 | | | 0.021% | |
| 1174 | 1894 | | | 0.019% | |
| 1175 | 2109 | | | 0.030% | |
| 1176 | 1895 | | | 0.049% | |
| 1177 | 1896 | | | 0.097% | |
| 1178 | 2213 | | | 0.053% | |
| 1179 | 1897 | | | 0.067% | |
| 1180 | 3036 | | | 0.036% | |
| 1181 | 2184 | | | 0.045% | |
| 1182 | 1898 | | | 0.117% | |
| 1183 | 3024 | | | 0.069% | |
| 1184 | 1899 | | | 0.079% | |
| 1185 | 1900 | | | 0.101% | |
| 1186 | 1902 | | | 0.015% | |
| 1187 | 1903 | | | 0.057% | |
| 1188 | 1901 | | | 0.055% | |
| 1189 | 1904 | | | 0.068% | |

**Del Toro v. Centene Management Company LLC**
**Exhibit D**
**Settlement Class Members**

| | Unique ID | Settlement Class Member | State | Pro Rata Share | Estimated Settlement Payment |
|---|---|---|---|---|---|
| 1190 | 1906 | | | 0.141% | |
| 1191 | 2019 | | | 0.049% | |
| 1192 | 1905 | | | 0.018% | |
| 1193 | 1908 | | | 0.020% | |
| 1194 | 1907 | | | 0.049% | |
| 1195 | 1909 | | | 0.074% | |
| 1196 | 1910 | | | 0.022% | |
| 1197 | 3051 | | | 0.016% | |
| 1198 | 1931 | | | 0.075% | |
| 1199 | 1911 | | | 0.066% | |
| 1200 | 2123 | | | 0.055% | |
| 1201 | 3035 | | | 0.030% | |
| 1202 | 1912 | | | 0.103% | |
| 1203 | 1913 | | | 0.157% | |
| 1204 | 1914 | | | 0.145% | |
| 1205 | 1915 | | | 0.122% | |
| 1206 | 1916 | | | 0.218% | |
| 1207 | 1917 | | | 0.007% | |
| 1208 | 1918 | | | 0.023% | |
| 1209 | 2006 | | | 0.054% | |
| 1210 | 2059 | | | 0.046% | |
| 1211 | 1920 | | | 0.007% | |
| 1212 | 1919 | | | 0.288% | |
| 1213 | 1921 | | | 0.049% | |
| 1214 | 2166 | | | 0.054% | |
| 1215 | 1922 | | | 0.066% | |
| 1216 | 1923 | | | 0.051% | |
| 1217 | 2032 | | | 0.054% | |
| 1218 | 2016 | | | 0.062% | |
| 1219 | 1924 | | | 0.034% | |
| 1220 | 1925 | | | 0.056% | |
| 1221 | 1926 | | | 0.234% | |
| 1222 | 1927 | | | 0.192% | |
| 1223 | 2072 | | | 0.068% | |
| 1224 | 1928 | | | 0.006% | |
| 1225 | 2024 | | | 0.038% | |
| 1226 | 2018 | | | 0.028% | |
| 1227 | 2198 | | | 0.056% | |
| 1228 | 1929 | | | 0.039% | |